COMMONWEALTH *vs.* ROBERT SCOTT & another.

Hampshire. Nov. 27. — Dec. 3, 1877. ENDICOTT & LORD, JJ., absent.

In a criminal case tried in the Superior Court, and in which exceptions alleged at the trial have been entered in and overruled by this court, and a rescript sent down accordingly, a motion for a new trial, on grounds not affecting the correctness of the decision upon the exceptions, cannot be made in this court.

GRAY, C. J. At June term 1877 of the Superior Court for criminal business for the county of Hampshire, the defendants were tried and convicted of breaking and entering the Northampton Bank with intent to steal therein, and alleged exceptions to the rulings and instructions at the trial, which were allowed by the presiding judge, and were entered at September term of this court for that county, and, upon the adjournment of that term without day, were continued *nisi* for argument and decision, and by consent of counsel were argued at October term in Worcester, and were afterwards overruled, and on October 19, 1877, a rescript was sent to the Superior Court accordingly, and

was entered upon the next day on the docket of that court. *Commonwealth* v. *Scott, ante,* 222.

On November 16, 1877, the defendants filed, in the office of the clerk of this court for the county of Hampshire, a motion for a new trial, upon grounds relating to the conduct of the presiding judge, the counsel and the witnesses at the trial, and for newly discovered evidence. Upon this motion being brought to the notice of the full court sitting in Suffolk, a doubt was expressed whether it could be made in this court; and it was agreed that the question whether the motion could be entertained, either by the full court or by a justice thereof, should be argued before the full court, and that, if the question should have been formally reserved by a single justice, it should be treated as so reserved, and proper entries made upon the docket.

The question has now been argued, and upon consideration thereof we are of opinion that the motion cannot be entertained. A motion for a new trial must be made in the court which has at the time jurisdiction of the case. Both this court and the Superior Court have power to grant new trials in cases pending before them respectively. Gen. Sts. *c.* 115, § 6; *c.* 129, § 67; *c.* 173, § 7. *Commonwealth* v. *McElhaney,* 111 Mass. 439. *Borrowscale* v. *Bosworth,* 98 Mass. 34. Under former statutes, by which an appeal, a bill of exceptions or a report transferred the whole case, it was within the power of this court, while the case remained here, to entertain a motion for a new trial for any cause; but it was not its practice to decide such a motion, when it might be heard in the court below. *Commonwealth* v. *Peck,* 1 Met. 428.

Under the existing statutes, the appeal, bill of exceptions or report does not transfer to this court the whole case, but only the question of law to be revised, unless the court, upon deciding that question, sees fit to give further directions, or to order that the record of the whole case be brought to this court for trial or other disposition thereof. Gen. Sts. *c.* 112, §§ 11, 35; *c.* 114, §§ 10–12, 14; *c.* 115, §§ 6, 7, 12. Sts. 1864, *c.* 111; 1866, *c.* 220; 1869, *c.* 438; 1874, *c.* 248, § 2. So much of the Gen. Sts. *c.* 173, §§ 8–10, reënacting provisions of earlier statutes, as might seem, taken by itself, to be susceptible of a broader construction, is controlled and limited by the clear enactments of

the statutes just referred to, establishing a uniform system. See *Commonwealth* v. *Field*, 11 Allen, 488, 498, 499.

It follows that, after the exceptions taken at the trial of this case had been overruled, and a rescript sent down by this court, and entered in the Superior Court, disposing of those exceptions, being the only matter in the case which had ever been brought before this court, such a motion as that now presented, depending wholly upon questions of discretion, and suggesting no error in the decision upon the exceptions, cannot be made in this court, but can only be made in the Superior Court, which has entire and exclusive jurisdiction of the case.

To extend to this case, as contended by the learned counsel for the defendants, the provision of the Gen. Sts. *c.* 112, § 3, declaring that this court " shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein, where no other remedy is expressly provided," would be to disregard the very words of that provision, and to assume a burden, which it would be impossible to discharge, of revising all questions of fact or of discretion which the Legislature has wisely committed to the final determination of the inferior courts established for the purpose.

*Motion denied.*

*H. H. Bond*, for the defendants.

*W. C. Loring*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.