JOSEPH C. TERRY *vs.* JAMES M. BRIGHTMAN & another.

Bristol.    Oct. 24. — Nov. 25, 1882.    LORD, C. ALLEN & COLBURN, JJ., absent.

It is within the power of the Superior Court, after a rescript has been sent down by this court, ordering judgment for the defendant in an action at law pending in that court, and an entry has been made by the clerk on the docket of that court, in accordance with the rescript, to suspend the judgment, and to allow an amendment changing the action at law to a suit in equity, during the first term and before any final judgment has been entered by that court by a special or general order; and the exercise of such power is a matter of discretion, to which no exception lies.

CONTRACT. After the former decision, reported 132 Mass. 318, this court sent a rescript to the Superior Court ordering "judgment for the defendant Brightman." At March term 1882 of the Superior Court, the clerk made an entry on the docket in accordance with the rescript. After such entry, at the same term, the plaintiff made a motion to set aside the judgment, and to amend the action by changing the same to a suit in equity. The defendant Brightman objected to the granting of the motion, on the ground that it was not in the power of the court to allow the same, and that no cause therefor was shown.

*Staples,* J., ruled that the court had the power to set aside the judgment and to allow the amendment; and, as a matter of right and also in his discretion, ordered said judgment to be set aside and the amendment to be allowed. The defendant alleged exceptions.

*A. N. Lincoln,* for the defendant.
*J. M. Morton,* for the plaintiff.

MORTON, C. J.   Under the modern practice in this Commonwealth, an appeal, bill of exceptions or report does not transfer to this court the whole case, but only the questions of law to be revised, unless the court, upon deciding those questions, sees fit to order the record of the whole case to be transferred to this court for trial or other disposition thereof.   Pub. Sts. *c.* 150, §§ 7, 12; *c.* 153, §§ 8, 15.   The case remains in the court in which it was brought, whether the Supreme Judicial Court for the county or the Superior Court.

When a rescript has been sent down by this court disposing of the questions of law raised, it is the duty of the clerk to make the entry on the docket according to the rescript.   But this entry is not a judgment.   As the jurisdiction of the case is in the court below, the effective final judgment must be entered by that court, either by a special order or by the general order usual at the close of the term.

The decisions of this court upon the questions of law reserved are binding upon the lower court.   But when, after a rescript, it appears to that court in which the case is pending that the ends of justice and the due determination of the rights of the parties require that the judgment should be suspended or the verdict set aside, it has the right to do so, unless it be inconsistent with the decision by this court of the questions of law upon which it has passed.   *Commonwealth* v. *Scott,* 123 Mass. 418. *Platt* v. *Justices of the Superior Court,* 124 Mass. 353.   *Loring* v. *Salisbury Mills,* 125 Mass. 138.

Applying these principles to the case at bar, it was within the power of the Superior Court, after the rescript was sent down, to suspend the judgment, and to allow an amendment changing the suit at law to a suit in equity, at least during the first term, and before any final judgment had been entered by that court by a special or general order.   Such action of the Superior Court is not inconsistent with the decision of this court, as stated in the rescript, of the questions of law reserved for its determination.

As it was within the power of the Superior Court, the question whether the amendment should be allowed was addressed to the discretion of the presiding justice of that court, and no exception lies to his decision.   *George* v. *Reed,* 101 Mass. 378.

*Exceptions overruled.*