HATTIE A. PRATT vs. HONORA M. BIDWELL.

Suffolk.    January 12, 1900. — March 2, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Writ of Error — Re-trial of Case upon its Merits.*

A party cannot re-try his case on writ of error.

WRIT OF ERROR, to reverse a judgment of the Superior Court in a writ of entry.   Hearing before *Barker*, J., who reserved the case for the consideration of the full court.   The facts appear in the opinion.

*J. T. Wilson*, for the plaintiff in error.

No counsel appeared for the defendant in error.

HOLMES, C. J.    This is a writ of error upon a judgment of the Superior Court in a writ of entry.   The error alleged is that, by mistaken figures in a plan giving a measurement which the scale of the plan showed to be wrong, every one was misled at the trial and the defendant in error recovered a strip of land to which she was not entitled.   In short, it is an attempt to re-try a case upon its merits by writ of error, on the ground that the time for review has gone by, and that otherwise the plaintiff in error will suffer wrong.   A writ of error has no such function.   " A party cannot re-try his case upon error."   *Raymond* v. *Butterworth*, 139 Mass. 471.   " Error in fact cannot be assigned, where it contradicts the record, and where the matter of fact might have been put in issue and tried, and *a fortiori*, when it is in fact put in issue and tried."   *Riley* v. *Waugh*, 8 Cush. 220, 221.   *Bodurtha* v. *Goodrich*, 3 Gray, 508, 512. *Gray* v. *Cook*, 135 Mass. 189, 190.

*Writ of error dismissed.*