COMMONWEALTH *vs.* NICOLA SACCO & another.

NICOLA SACCO & another *vs.* COMMONWEALTH.

SAME *vs.* SAME.

Norfolk.   Suffolk.   August 16, 1927. — August 18, 1927.

Present: BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Homicide. Practice, Criminal,* New trial; Sentence: revocation, stay. *Error, Writ of. Jurisdiction. Superior Court. · Supreme Judicial Court.*

By reason of the provisions of G. L. c. 278, § 29, as amended by St. 1922, c. 508, § 1, the Superior Court has no jurisdiction or power to entertain motions by the defendant in a capital case for a new trial and for revocation and stay of sentence if the motions are not filed until after sentence has been pronounced and more than a year after verdict.

An exception to the denial by a single justice of this court of a petition for a writ of error in a capital case in the words, "After giving careful consideration to the matter I consider it my duty to deny the application for the writ," must be overruled where it is not contended by the petitioners that the single justice abused his powers or that his action was arbitrary and unjustifiable.

In this Commonwealth, the writ of error *coram nobis* at common law has become obsolete.

Two INDICTMENTS, found and returned on September 11, 1920, charging that Nicola Sacco of Stoughton and Bartolomeo Vanzetti of Plymouth on April 15, 1920, at Braintree did assault and beat Alexander Berardelli and Frederick A. Parmenter with intent to murder them by shooting them

"in the body with a loaded pistol" and by such assault, beating and shooting did murder Berardelli and Parmenter. The first indictment referred to the murder of Berardelli and the second to the murder of Parmenter. Also, a

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on August 6, 1927, by the defendants in the above described indictments for a writ of error, the assignments of error being set out in the opinion. Also, a

PETITION, filed before the full court of the Supreme Judicial Court by the same defendants on August 16, 1927, for a writ of error *coram nobis* with the same assignments of error.

The indictments previously were before this court when exceptions, saved by the defendants at their trial before *Thayer*, J., in May, June and July, 1921, and to rulings upon and to the denials of supplementary motions for a new trial filed at various times between November 8, 1921, and April 30, 1923, were overruled on May 12, 1926, in a decision reported 255 Mass. 369.

Further motions for a new trial based on alleged newly discovered evidence thereafter were filed, and exceptions saved at their hearing and to their denial were heard by this court and were overruled on April 5, 1927, in a decision reported 259 Mass. 128.

Sentence of death was pronounced on April 9, 1927. On August 6, 1927, the defendants filed a motion that "the sentence . . . be set aside and that they be granted a new trial . . . [and] that a postponement or stay of the time of their electrocution, which has been set for the week beginning Wednesday, August 10, may be ordered."

The motions were heard by *Thayer*, J. Among rulings asked for by the defendants was the following:

"8. The court has the power to hear and determine the present motion for a new trial despite the fact that it is brought after sentence and more than one year after the conviction of the defendants."

The judge denied the motion for a new trial on the ground that the court had no jurisdiction to entertain it. He also denied the motion for revocation of sentence and stay of execution. The defendants alleged exceptions.

The petition for writ of error was heard by *Sanderson,* J., who denied it in the following words: "After giving careful consideration to the matter I consider it my duty to deny the application for the writ." The petitioners alleged exceptions.

*A. D. Hill,* (*E. Field & R. C. Evarts* with him,) for Sacco and Vanzetti.

*A. K. Reading,* Attorney General, (*F. D. Putnam & R. A. Cutter,* Assistant Attorneys General, *& D. P. Ranney,* Assistant District Attorney, with him,) for the Commonwealth.

BRALEY, J. The defendants, Sacco and Vanzetti, who were indicted, tried, and convicted of murder in the first degree, alleged exceptions to rulings at the trial, as well as to the denial of numerous motions for new trial, on various grounds, and to rulings of law thereon which were overruled, and a rescript was sent accordingly on May 12, 1926. *Commonwealth* v. *Sacco,* 255 Mass. 369. The defendants, on May 25, 1926, filed a motion in the trial court for a new trial on the ground of newly discovered evidence, which was denied subject to the exception of the defendants duly entered and argued in this court. On April 5, 1927, these exceptions were overruled. *Commonwealth* v. *Sacco,* 259 Mass. 128. The argument for the defendants was full and exhaustive, covering every error claimed to have been committed either at the trial or in any subsequent proceedings, and it was decided as matter of law there was evidence which would warrant the jury in finding the defendants guilty. On April 9, 1927, sentence of death was imposed in accordance with G. L. c. 265, § 2. The defendants were delivered to the sheriff in execution of their sentence and an application for executive clemency was made under the provisions of c. 2, §1, art. 8, of the Constitution of the Commonwealth. The application having been denied, the defendants, on August 6, 1927, filed a motion for a new trial on the ground of newly discovered evidence and for revocation of the sentence. At the hearing of the motion, the trial judge not only refused to rule as requested by the defendants, but denied the motion, and the defendants excepted, raising the questions presented by the record in the first of the cases at bar.

It is contended that the affidavits in support of the motion show such prejudice against them by the presiding judge at the trial on the merits that they have been deprived of their constititional rights to a trial by judges "as free, impartial and independent as the lot of humanity will admit." By G. L. c. 278, § 29, as amended by St. 1922, c. 508, § 1, a motion for a new trial in capital cases comes too late if made after sentence has been pronounced and more than a year after verdict. It is within the limitation expressed in the statute. *Commonwealth* v. *Rollins*, 242 Mass. 427, 430. *Dascalakis* v. *Commonwealth*, 244 Mass. 568, 569. *Commonwealth* v. *Sacco*, 255 Mass. 369, 410. See *State* v. *Cushing*, 11 R. I. 313.

We now come to so much of this motion as asked for a revocation of sentence. The proceedings already referred to before the motion was filed when reviewed show no error of law and the cases were ripe for sentence or judgment. The jurisdiction of the trial court ended under St. 1922, c. 508, § 1, when the defendants were committed in execution. "An application for such a revision [motion for revision of sentence] is like a motion for a new trial." *Commonwealth* v. *Lobel*, 187 Mass. 288, 289. The defendants, therefore, have failed to show error. The judicial conduct of the trial judge in hearing and deciding the motion based on his own alleged bias or prejudice, although urged in argument by counsel for the defendants, need not be discussed because, as we have just said, neither the judge nor any of his associates had jurisdiction to entertain the motion.

The second case is a petition for a writ of error filed in this court August 6, 1927. It was heard and denied, subject to the petitioners' exception, by a single justice on the petition which contained the following assignments of error:

"1. It appears from the affidavits filed and made a part of the record of said cause in the Superior Court that the Honorable Webster Thayer, the justice of said Court who presided over the trial of said cause and who subsequently passed upon various motions with respect thereto was so prejudiced against your petitioners and their counsel from the time of the beginning of said trial to and throughout the

hearings and rulings upon said motions that your petitioners have never had a judicial consideration by the said presiding justice of the issues of law and fact involving the lives and liberty of your petitioners, and that in consequence thereof your petitioners have not had such a trial as that to which they are entitled under the Constitutions of the Commonwealth of Massachusetts and of the United States of America and that they have not had such a trial as constituted due process of law within the meaning of the Fourteenth Amendment to the Federal Constitution, nor a trial by a judge 'as free, impartial and independent as the lot of humanity will admit' as required by Article XXIX of the Declaration of the Rights of the Inhabitants of the Commonwealth of Massachusetts.

"2. It appears from the record of the proceedings, including the substance of all the material evidence offered at the trial that the finding of the jury was plainly wrong.

"3. It appears from the record of the proceedings, including the affidavits filed in support of the several motions for a new trial, that the findings of fact made by the presiding judge in passing upon the petitioners' several motions for new trial are plainly wrong."

It is provided by G. L. c. 250, § 11, (and see amendments in St. 1925, c. 279, § 3 and St. 1926, c. 329, § 7) that in capital cases a writ of error shall not issue unless allowed by a justice of this court after notice given to the Attorney General or other attorney for the Commonwealth. The wording of the statute is clear and must be construed as meaning that the issuance of a writ of error in a capital case rests in the sound judicial discretion of the single justice to whom the application is presented. If we were to decide otherwise, the plain intention of the Legislature to discourage and prevent unnecessary delay would be defeated. This appears in note 16 of the draft revision of chapter 112 on the proposed revised statutes, on page 224 in the report of the commissioners to revise the "general statutes" of the Commonwealth in 1834. Our system of criminal procedure in capital cases makes ample provision for the protection of the rights of those who are charged with the commis-

sion of crime by exceptions, by motion for new trial before sentence has been passed, and by petition for a discretionary writ of error after sentence. It furthermore may be said that the assignment of errors of fact, not being connected with questions of jurisdiction, is not open on the present record. *Riley* v. *Waugh*, 8 Cush. 220, 221. *Pratt* v. *Bidwell*, 175 Mass. 453. *Blankenburg* v. *Commonwealth*, 260 Mass. 369. *Frank* v. *Mangum*, 237 U. S. 309, 337.

The case of *Hall* v. *Thayer*, 105 Mass. 219, and kindred cases which depend on statutes expressly limiting the jurisdiction of the court, are distinguishable. It is not contended by the petitioners that the single justice abused his powers or that his action was arbitrary and unjustifiable. The petition was rightly denied.

The third and last case is a petition filed August 16, 1927, addressed to the full court for a writ of error *coram nobis*. Prior to the enactment of the Revised Statutes, our statutes, referring to writs of error, made no change in the mode of procedure at common law. St. 1782, c. 9. St. 1805, c. 35. St. 1821, c. 79, § 6. St. 1832, c. 130, § 5. *Storer* v. *White*, 7 Mass. 448, 449. But by Rev. Sts. c. 112, §§ 16, 17, in so far as here material, it was provided that a writ of error in a capital case shall not issue unless granted by a single justice of this court, and this provision has remained unchanged. Gen. Sts. c. 146, §§ 13, 14. Pub. Sts. c. 187, §§ 10–12. R. L. c. 193, § 11. G. L. c. 250, § 11. A period of ninety-one years has elapsed since the original statute was enacted in 1836, during which time it has been uniformly followed. See *Webster* v. *Commonwealth*, 5 Cush. 286.

We are of opinion that the writ of error *coram nobis* at common law has become obsolete in view of the express purpose of the Legislature as manifested by the statute. *Commonwealth* v. *Rollins*, 242 Mass. 427, 430, 431.

We have considered all questions presented by the defendants in so far as they are pertinent, and the result is, in the first and second cases the exceptions are overruled, while in the third case the petition is dismissed.

*So ordered.*