JACOB ARONSON *vs.* COMMONWEALTH.

Suffolk.    April 5, 1954. — September 20, 1954.

Present: QUA, C.J., WILKINS, SPALDING, & COUNIHAN, JJ.

*Error, Writ of.*

The issuance of a writ of error upon a judgment for a felony after trial subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended, is discretionary with the single justice; and abuse of such discretion is the only question before this court upon review of a refusal to issue the writ. [601]
There was no abuse of discretion by the single justice in refusing to issue a writ of error to reverse a sentence imposed on the petitioner for the writ upon his conviction of a felony after a trial subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended, where the error assigned was that after the expiration of the time for granting a new trial a principal witness against the petitioner recanted and contradicted under oath the testimony which she had given at the trial, stating, in answer to a question "whether she had been pressured by the police into telling

the story that she testified to" at the trial, that "it had been jammed down her throat."   [601–603]

A writ of error does not lie to review facts determined by trial.   [601–602]

The scope of a writ of error under G. L. (Ter. Ed.) c. 250 is not enlarged by anything contained in c. 211, § 3.   [602]

The scope of a writ of error to reverse the sentence in a criminal case is not affected or extended by the fact that matter assigned as error which would have been proper matter to present by a motion for a new trial did not arise until after the expiration of the time limited by statute for granting a new trial.   [603–604]

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on November 25, 1953.

The case was heard by *Ronan, J.*

*George Alpert, (Arthur L. Brown* with him,) for the petitioner.

*Frederick T. Doyle,* Assistant District Attorney, (*Jason A. Aisner,* Assistant Attorney General, with him,) for the Commonwealth.

QUA, C.J.   The petitioner excepts to an order of the single justice entered December 29, 1953, refusing to issue a writ of error looking to the reversal of a sentence to the State prison imposed upon the petitioner in the Superior Court on October 24, 1951, for the crime of unlawfully using an instrument on the body of a woman named Pitts for the purpose of procuring her miscarriage.   G. L. (Ter. Ed.) c. 272, § 19.

The error assigned, reduced to its lowest terms, is that at the trial of the present petitioner, Pitts testified in effect that the petitioner told her that an abortion would cost her $325, that, having sterilized surgical instruments, he used something in her private parts which produced a scraping sensation, that after that he gave her an injection of penicillin, and that she paid him $325 "as agreed"; but that on November 20, 1952, over a year after the sentence, she testified under oath before the board of registration in medicine that, believing she was pregnant, she asked to see the petitioner for an examination, that he examined her and told her that she was not pregnant, that she knew nothing about any instruments, that he gave her penicillin

"for her condition," that she did not go to him for an abortion, and that she did not pay him any money. When asked before the board "whether she had been pressured by the police into telling the story that she had testified to [in court], she stated that it had been jammed down her throat." In other words, the error is supposed to be that more than a year after the end of the trial, and therefore when it was too late to move for a new trial under G. L. (Ter. Ed.) c. 278, § 29, as appearing in St. 1939, c. 271, § 1 (*Snyder, petitioner*, 284 Mass. 367, 370), a principal witness against the petitioner recanted and contradicted her testimony given at the trial. The "error" is that the verdict of the jury might have been wrong on the facts.

The petitioner was indicted for a felony and was tried subject to the provisions of G. L. (Ter. Ed.) c. 278, §§ 33A–33G.[1] Under those sections he had, of course, a full trial in the Superior Court at which he could cross-examine and impeach all witnesses against him and introduce any competent evidence in his own favor. He had a right of appeal to this court on all questions of law upon the full transcript of the evidence, and he exercised that right. *Commonwealth* v. *Aronson*, 330 Mass. 453. Whether in addition he should be allowed to sue out a writ of error has been made by statute discretionary with a single justice of this court. G. L. (Ter. Ed.) c. 250, § 11. *Commonwealth* v. *Sacco*, 261 Mass. 12, 16–17. The sole question before us is therefore whether the refusal to issue the writ was an abuse of discretion. *McGarty* v. *Commonwealth*, 326 Mass. 413, 414–415, certiorari denied, 340 U. S. 886.

The refusal of the writ was not an abuse of discretion for the reason, if for no other, that as matter of law the writ would have been futile if it had been issued.

It is well settled that the errors of fact that can be corrected upon writ of error either in civil cases under c. 250, § 3, or in criminal cases under § 9 do not include possible errors in the determination of facts at a trial. As was said

---

[1] Changes in § 33E brought about by St. 1939, c. 341, relate only to capital cases. See now St. 1954, c. 187, § 1.

in *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 376–377, they refer to "matters of a different nature, such as minority of the defendant, *Johnson* v. *Waterhouse,* 152 Mass. 585, insanity of the defendant, *Hathaway* v. *Clark,* 7 Pick. 144, and death of the defendant and lack of authority of a purported agent to accept service, *Hanzes* v. *Flavio . . .* [234 Mass. 320, 327–328], that is to say, to matters of fact not heard and decided at the trial under review." To the foregoing instances there have been added in recent years instances where the contention was made that the defendant had been wrongfully deprived of the assistance of counsel at the trial or was denied opportunity to prepare a defence. *Allen* v. *Commonwealth,* 324 Mass. 558. *Lindsey* v. *Commonwealth, ante,* 1. *Jones* v. *Commonwealth, ante,* 169. Those additions were made upon the same theory as that of the older cases, to wit, that issues of fact are not concluded by the trial where there was no legally sufficient opportunity to litigate them at the trial. The general rule that findings of fact at a trial cannot be reviewed on writ of error is illustrated by several decisions cited in *Blankenburg* v. *Commonwealth,* 260 Mass. 369, at page 376, and by such cases as *Pratt* v. *Bidwell,* 175 Mass. 453, *Commercial Credit Corp.* v. *Flowers,* 282 Mass. 316, 320, *MacEachern* v. *S. S. White Dental Manuf. Co.* 304 Mass. 419, *Silverton* v. *Commonwealth,* 314 Mass. 52, and *Albano* v. *Commonwealth,* 315 Mass. 531, 534. As Chief Justice Shaw said in *Riley* v. *Waugh,* 8 Cush. 220, at page 222, "Were it otherwise, it would always be competent for a party, against whom judgment is rendered, to sue out a writ of error, and assign for error, that the facts on which the judgment proceeded were not true, and thus obtain a new trial." We may add that the scope of the writ of error under the provisions of c. 250 is not enlarged by anything contained in c. 211, § 3. *Dolan* v. *Commonwealth,* 304 Mass. 325, 332–333.

But the petitioner seeks to go farther and to invoke the principle that there is a denial of due process where a prosecuting officer introduces evidence which he knows to be false. *Mooney* v. *Holohan,* 294 U. S. 103. *Hysler* v. *Florida,*

315 U. S. 411. *Pyle* v. *Kansas*, 317 U. S. 213. We need not decide whether a question of this kind could be presented by writ of error, since there is nothing that raises the question in the petition, the assignments of error or the attached affidavit of Mr. Soble, the petitioner's counsel, to which reference is made in the assignments of error, or anywhere in the record. The nearest to anything of this sort is the statement in the affidavit that at the hearing before the board of registration in medicine when Pitts was asked "whether she had been pressured by the police into telling the story that she had testified to [at the trial], she stated that it had been jammed down her throat." This colloquial expression attributed to the witness cannot fairly be taken as an assignment of error that "the police" knew her story to be false. Moreover, it does not even appear what "police" were referred to, or whether they had anything to do with the prosecution, and especially there is no suggestion that the district attorney, who was the responsible officer charged with the duty of prosecuting the indictment in behalf of the Commonwealth, had any knowledge that any of the evidence was false. Any improper conduct on the part of the district attorney or his assistants is expressly disclaimed in the petitioner's brief. It would certainly be difficult to enforce the criminal law if all convictions were to be subject to subsequent inquiry as to what "the police" knew or believed about the truth of the evidence. We are not aware of any decisions going to that length. See *United States* v. *Spadafora*, 200 Fed. (2d) 140.

The alleged repudiation by this witness of her former testimony would have been a proper matter to present by a motion for a new trial to the judge who heard the case at the original trial and who could form an opinion of the weight reasonably to be attributed to the later story of Pitts in the light of her testimony at the trial and of all the other evidence in the case. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 32–33. *Commonwealth* v. *Gwizdoski*, 284 Mass. 578, 581. The fact that the Legislature, in the interest of

finality in convictions in criminal cases, has refused to allow that procedure after the expiration of a year does not affect or extend the scope of action of this court on a writ of error. See *Commonwealth* v. *Scott*, 123 Mass. 418; *Commonwealth* v. *Rollins*, 242 Mass. 427, 430–434.

*Exceptions overruled.*