REGINALD LANNON *vs*. COMMONWEALTH.

Suffolk. November 8, 1979. — February 8, 1980.

Present: HENNESSEY, C.J., QUIRICO, WILKINS, LIACOS, & ABRAMS, JJ.

*Error, Writ of. Practice, Criminal,* New trial, Instructions to jury, Burden of proof. *Homicide.*

A criminal defendant alleging errors based on constitutional principles enunciated after his trial and appeal was not required to bring a motion for a new trial before seeking review by a petition for a writ of error, where there were no factual disputes underlying the alleged errors. [787-788]

Where a criminal defendant in a petition for a writ of error raised constitutional issues which were not clearly established at the time of his original appeal, the denial of the petition by a single justice of this court was reviewed as an issue of law and not of discretion. [788-789]

At a murder trial, the judge's charge was adequate to place on the Commonwealth the burden of proving beyond a reasonable doubt the absence of mitigating circumstances. [789-793]

At a murder trial, the judge's charge with respect to the jury's right to infer a specific intent to kill did not impermissibly shift the burden of proof to the defendant. [793]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on July 28, 1978.

The case was heard by *Braucher*, J.

*John P. Courtney* for the petitioner.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

LIACOS, J.   On July 31, 1971, Nancy Lannon the estranged wife of the petitioner, Reginald Lannon, was fatally wounded by a shot from a shotgun held by the petitioner. He was indicted for murder in the first degree and tried to a jury.   At trial, the petitioner testified that the fatal shot was accidentally caused when a screen door hit the gun he was holding, causing it to discharge.   The defense also offered expert psychiatric testimony to the effect that the petitioner was a paranoid schizophrenic, had a suicidal preoccupation, and suffered from diminished mental responsibility. The jury found Lannon guilty of murder in the first degree on February 18, 1972, and recommended that the death penalty not be imposed.   The judge sentenced the petitioner to life imprisonment at the Massachusetts Correctional Institution at Walpole.   The judgment of conviction was affirmed by this court in 1974.   *Commonwealth* v. *Lannon,* 364 Mass. 480 (1974).

The petitioner filed this petition for writ of error with the county court on July 28, 1978.   A single justice denied the writ, and the petitioner now appeals from that order.   The petition alleges that the trial judge's charge to the jury improperly shifted the burden of proof on the issue of accidental death.[1]   The petitioner relies on the constitutional principles enunciated by the United States Supreme Court in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975), and by this court in *Commonwealth* v. *Rodriguez,* 370 Mass. 684 (1976), and *Commonwealth* v. *Stokes,* 374 Mass. 583 (1978).   As these cases were decided subsequent to the petitioner's trial and appeal, the instant action properly was commenced by a

---

[1] The petitioner further argues that the judge's failure to charge the jury on the issue of criminal responsibility denied him a fair trial.  This alleged error was not raised in his petition for writ of error, nor was it set forth in his claim of exception.  The petitioner is bound by his pleadings in his assignment of errors.  See *Jones* v. *Commonwealth,* 331 Mass. 169, 171 (1954).  Thus, the issue is not properly before this court on appeal from the judgment of the single justice.  We note, additionally, that this issue was disposed of in the direct appeal.  *Commonwealth* v. *Lannon,* 364 Mass. 480 (1974).

petition for writ of error.  See *Connolly* v. *Commonwealth,* 377 Mass. 527 (1979).

The Commonwealth argues that, although a defendant may raise a new constitutional issue by writ of error, we should require consideration of these issues first on a motion for a new trial.  We disagree.  This is not a case where, underlying the alleged constitutional errors, there are factual disputes which are appropriately resolved by a trial judge on a motion for a new trial.  *Gibney* v. *Commonwealth,* 375 Mass. 146, 148-149 (1978).  *Earl* v. *Commonwealth,* 356 Mass. 181, 183 (1969).  The alleged errors appear on the face of the charge, and if the original trial was infected with prejudicial constitutional error as the defendant contends, a trial judge would have no discretion to deny a new trial.  *Earl* v. *Commonwealth, supra* at 184.  We are not inclined, at this stage, to require a judge of the Superior Court to pass on the questions of law raised here.[2]

The Commonwealth further contends that since the petition filed pursuant to G. L. c. 250, § 11, was denied by a single justice of this court, the only issue before this court is whether the single justice abused his discretion.  *Aronson* v. *Commonwealth,* 331 Mass. 599 (1954).  *McGarty* v. *Commonwealth,* 326 Mass. 413, cert. denied, 340 U.S. 886 (1950).  The cases upon which the Commonwealth relies for this argument are inapposite.  Unlike the situation in *McGarty, supra,* the constitutional issues raised by the petitioner here were not clearly established at the time of his original appeal.  The single justice could not exercise his discretion to deny this petition on the basis that "in his appeal the petitioner asserted the same alleged error which he now asserts."  *Id.* at 415.  For the same reasons, of course, the single justice could not exercise his discretion to deny this petition on the basis that the defendant has "an entirely different and adequate remedy for errors in the proceedings

---

[2] Since the petition was filed prior to the effective date of the new Massachusetts Rules of Criminal Procedure, we discuss it in the context of the rules in effect prior to July 1, 1979.  See Mass. R. A. P. 1B, 378 Mass. 924 (1979).

by a seasonable appeal under G. L. (Ter Ed.) c. 278, §§ 33A-33G." *Id.* at 414. As we indicated in *Guilmette* v. *Commonwealth,* 344 Mass. 527, 528-529 (1962), G. L. c. 250, § 11, does not leave to the discretion of a single justice the issuance of a writ of error upon a judgment in a criminal case subject to the procedure of G. L. c. 278, §§ 33A-33G, where such procedure does not provide an effective method of appeal for the subject matter on which the petitioner relies in seeking the writ.

Likewise, this petition is distinguishable from the petition considered in *Aronson, supra,* which sought to raise "errors in the determination of facts at a trial." *Id.* at 601.[3] The petitioner here argues an error of law of constitutional dimension. Cf. *Guerin* v. *Commonwealth,* 337 Mass. 264, 268 (1958). Hence, we consider the issue as one of law and affirm the order of the single justice.

In the portion of the judge's charge to the jury dealing with the elements of murder, the judge stated: "Where a killing is caused by the intentional use of fatal force without circumstances serving to mitigate, to justify the act, you may infer that malice is present." The petitioner contends that this language impermissibly suggested to the jury that he had the burden of "justifying" his actions in order to avoid being convicted of murder. *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975). *Commonwealth* v. *Rodriguez,* 370 Mass. 684 (1976).

The petitioner further contends that certain language in the charge such as the following, served to reinforce the idea that he bore the burden of proof: "[Y]ou will consider whether or not there was, in fact, here a killing, intentional,

---

[3] The writ is available to review certain errors of fact, but as to these errors, the scope of review is narrow. The writ cannot be used to re-try matters of fact which might have been put in issue and tried in the original case. *MacEachern* v. *S.S. White Dental Mfg. Co.,* 304 Mass. 419, 420 (1939), and cases cited. The test appears to be whether there was a "legally sufficient opportunity to litigate [the facts] at the trial." *Aronson* v. *Commonwealth,* 331 Mass. 599, 602 (1954). *Guerin* v. *Commonwealth,* 337 Mass. 264, 268-269 (1958).

but committed on sudden impulse and a sudden transport of passion and adequate provocation. If that is your judgment on the matter, then he could be found guilty of manslaughter.

"Now, getting into the involuntary manslaughter situation, you have the testimony of this defendant that the gun went off accidentally, and that he had no intention of shooting that gun and no intention to kill.

"If you accept that story, then you must consider whether or not, if you find it to be a fact, that loading that shotgun, as he said he did, and apparently with the safety off, and going to the door, was such wanton, reckless misconduct that he should be responsible for the natural and probable consequences of that reckless handling of the gun."

The petitioner argues that use of language such as "if you accept that story," "you must consider," and "if you find" impermissibly suggested to the jury that the petitioner had the burden of persuading them of the presence of circumstances which would warrant conviction of a lesser crime than murder. *Connolly* v. *Commonwealth*, 377 Mass. 527 (1979).

Malice is an essential element of murder. Malice is not present where a defendant acted under adequate provocation or where a gun discharged accidentally. The Commonwealth has the burden of proving beyond a reasonable doubt, in any case where the issues are fairly raised, that there was not reasonable provocation and that the shooting was not accidental.[4] The judge should so charge the jury. *Mullaney* v. *Wilbur*, 421 U.S. 684 (1975). See *Commonwealth* v. *Rodriguez, supra*. In *Commonwealth* v. *Stokes,* 374 Mass. 583 (1978), we held that the constitutional requirements set forth by the United States Supreme Court in *Mullaney*, and by this court in *Rodriguez* would be applied retroactively, and instructions would be reviewed in light of

---

[4] In sustaining its burden of proof that the shooting was not accidental, the Commonwealth is aided by a permissible inference of malice from the intentional use of a deadly weapon. See text *infra* at 793.

these requirements even in the absence of a proper exception at trial.

The defendant contends that reversal is required in this case because the judge failed to charge the jury in explicit terms that the absence of mitigating circumstances had to be proved by the Commonwealth beyond a reasonable doubt. However, in *Stokes*, we stated that "[i]n adopting the ruling of *Mullaney* . . . we are not required to apply a narrow and precise test to the instructions given by the judge. If *Mullaney* imposed such a requirement, reversal would follow with mathematical certainty in all cases where self-defense or reasonable provocation had been raised in the evidence sufficiently and where the burden of proof as to these precise issues had not been placed by specific language on the Commonwealth" (footnote omitted). *Id.* at 590. We also stated, "[I]n any case where the requirements of *Mullaney* are placed in issue, the charge to the jury must be examined in its entirety to determine whether the constitutional requirements have been met." *Id.* at 590-591.

Viewing this charge in its entirety, we do not find it to be constitutionally inadequate. The judge instructed the jury that the defendant is presumed to be innocent and that the Commonwealth has the burden of proving guilt beyond a reasonable doubt. The instructions on this point were explicit and lengthy. During this portion of the charge, the judge stated: "The presumption of innocence also means this. That under our law there is no obligation upon a defendant to prove his innocence. . . . If he is to be found guilty, he must be found guilty not because he has proved his innocence, or failed to prove his innocence, I might say, but because the Commonwealth has sustained its burden of proving the guilt of a defendant beyond a reasonable doubt."

We agree with the petitioner that the aspect of the instant charge which is most troubling is the repeated use of language such as "if you accept that story," "you must consider," and "if you find." As we stated in *Connolly, supra*, in relation to the issue of self-defense: "The . . . instruction

that homicide may be justifiable if committed in self-defense . . . did not fully comport with the . . . *Stokes* requirement that self-defense be 'established . . . as negating a finding of malice.' Yet the defect might be thought not enough in itself, in a pre-*Mullaney* trial, to hold an instruction bad. The greater difficulty with the charge lies in its repeated use of 'finding' language when explaining the law of self-defense" (footnote omitted). *Connolly, supra* at 533.

Much of the language about which the defendant complains is contained in the portion of the charge dealing with diminished responsibility. This objectionable language need not concern us, for as we stated in the defendant's direct appeal, "we [have] rejected the notion of a middle ground between insanity and normal criminal responsibility which would not exonerate a defendant but would reduce the degree of his crime . . .. [O]n this issue the charge to the jury was more favorable to the defendant than was warranted by applicable precedent." *Commonwealth* v. *Lannon,* 364 Mass. 480, 485-486 (1974). While the judge also utilized the objectionable language when charging the jury on accidental death, these words did not infect the charge with prejudicial error. The instant charge is unlike the charge in *Connolly, supra,* where the repeated use of "finding" language misled the jury as to which side had the burden of proof. Rather, this case falls within the holdings of *Gibson* v. *Commonwealth,* 377 Mass. 539 (1979), and *Gagne* v. *Commonwealth,* 375 Mass. 417 (1978), where we found no reversible error in the judge's charge.

We add that the "finding" language in the case at bar should not constitute a basis for reversal because the defense "invited" this error in its request for instructions to the jury. Many of the requested instructions utilize the same language now complained of. For example, the petitioner requested that the judge give the following instruction: "If the jury finds that the defendant killed Nancy Lannon after provocation or in the heat of emotion it must find him guilty of no crime more serious than manslaughter." The petitioner cannot now object to the judge's use of wording

which his own counsel proposed for inclusion in the instructions. *United States* v. *McCracken,* 488 F.2d 406, 421 (5th Cir. 1974).

The petitioner further argues that the judge erred in instructing the jury that it would be permissible for them to infer "that a person ordinarily intends the natural and probable consequences of any act which is knowingly done. And if a person uses upon another an instrument or weapon of such a nature and in such a way and under such circumstances that the use would naturally and probably result in the death of the other, you may infer or conclude that he did so with that specific intention to kill. You are not required to come to that conclusion, but you may do so. . . . And just as a specific intent to kill may be inferred from the circumstances, so malice may be inferred from the circumstances." The petitioner contends that this language represents another facet of the burden-shifting theme which we have addressed above. While this challenge was not clearly raised in the petition,[5] we address it as it relates to the issue of shifting the burden of proof with respect to accidental death.

The particular inferences described by the trial judge in the case at bar have been held valid by this court. See *Commonwealth* v. *McInerney,* 373 Mass. 136 (1977); *Commonwealth* v. *Gagne,* 367 Mass. 519, 522 (1975). See also *Commonwealth* v. *Lamothe,* 343 Mass. 417 (1961). In this case, as in *McInerney, supra,* the judge stressed that the jury was not compelled to draw the inference or presumption but could if it so desired. Contrast the instant charge with the charge given in *Sandstrom* v. *Montana,* 442 U.S. 510 (1979). The judge specifically used the word "inference," rather than "presumption," which has been considered objectionable. *Sandstrom* v. *Montana, supra. United States* v. *Ariza-Ibarra,* 605 F.2d 1216 (1st Cir. 1979). The burden of proof was not shifted to the defendant by the description of these permissible inferences.

*Judgment affirmed.*

---

[5] See note 1, *supra.*