Martin, J.
This is an appeal from a District Court order dismissing the appellant’s counterclaims pursuant to Dist./Mun. Cts. R Civ. P.,Rule 12(b) (9).[3] For the reasons herein stated, we rule that the dismissal of the appellanf s counterclaims was proper under the principle of res judicata. The dismissal is improper under 12 (b) (9) since the Superior Court action was resolved, by the granting of summary judgement, prior to *137 the motion for reconsideration of the dismissal of the appellant’s counterclaims pursuant to Rule 12 (b) (9), thus making the 12 (b) (9) motion a moot issue. A resolution of the case revolves around an understanding of a somewhat tortured history. The facts of the case are as follows.
Appellant, Linda Waitekunas, is the trustee of the Waitekunas Family Trust. Appellees are the trustees of the Captain Ellis Condominium Trust. In September 1990, the appellant, as plaintiff, brought an action against the appellees, in Superior Court, seeking injunctive relief and monetary damages. The action arose from appellees’ (the defendants in the Superior Court action) unlawful ejectment of the plaintiff from an exclusive easement, interference with the plaintiffs use of common areas and the appellees’ misuse of trust fund monies in the ongoing management of condominium property. The appellees, as defendants, counterclaimed for condominium fees that had been assessed against the plaintiff. Subsequent to the filing of the Superior Court action, the appellant made a motion to amend the pleadings to include a G.L.c. 93A claim. In May of 1990, the appellees filed their own action in the District Court against the appellant for the same condominium fees asserted against the appellant in their counterclaim in the Superior Court action. Pending was a small claims action which had been filed at an earlier date by the appellees to collect the samecondominiumfeeswhich they had asserted in theircounterclaimintheSuperior Court action and as their claim in the above District Court action. Identical counterclaims were filed by the appellant in both the small claims action and in the District Court action. In July of 1991, the appellees moved to dismiss the counterclaims made by the appellant in the District Court action pursuant to Dist./Mun. Cts. R Civ. P., Rule 12(b)(9). This motion was denied. Appellees moved for a reconsideration of the motion to dismiss in August of 1991. While this motion for reconsideration was pending before the court, the appellees, in September of 1991, moved for summary judgment in the Superior Court action pursuant to Superior Court Rule 9A(c) (3). This motion was granted. Subsequently, in October of 1991, the appellees’ motion for reconsideration was marked for hearing. At the hearing, the appellees presented the Superior Court order. UtilizingtheSuperiorCourt order as its basis, theDistrictCourt granted the dismissal of the appellant’s counterclaims, finding that the content of the claims that had been ruled upon in the Superior Court action was the same as the content of the appellant’s counterclaims in the District Court action. Here the appellant sits, claiming to be aggrieved by the District Court order.
In this case, appended to the report were the following documents: the District Court complaint; the answer and counterclaims to the District Court complaint; appellees’ motion to dismiss the counterclaims pursuant to Dist./Mun. Cts. R Civ. P., Rule 12(b)(9); the Superior Court Complaint; the Superior Court Motion for Summary Judgment; the Superior Court Order; the reconsideration motion; and finally, tbe District Court’s order on the reconsideration motion. All appear to have been made a part of the report and as such were considered by this court. Upon reviewing the Superior Court complaint and comparing it to the counterclaims asserted by the appellant in the District Court action, we find that the Superior Court claims did not include the Massachusetts General Laws c. 93A claim which was asserted by the appellant in her counterclaims in the District Court. However, the Superior Court disposed of a c. 93A claim in ruling on the summary judgment motion. We assume without deciding that the Superior Court allowed the pleadings in the Superior Court action to be amended to include the c. 93A claim. The Superior Court had the sound discretion to allow or deny the amendment. Terry v. Brightman, 133 Mass. 536 (1882); Desmond v. Boston Elevated Railway Co., 319 Mass. 13 (1946). However, the jurisdiction of this court is not to pass upon the actions of the Superior Court but rather upon the actions of the District Court. G.L.c. 231, §108. Both the appellant and the appellee admit in their briefs to this court that the c. 93A claim was raised in the Superior Court by the appellant via a motion to amend the complaint. The *138 counterclaims asserted by the appellant in the District Court also included a claim under c. 93A Wefind that the appellant’s Superior Court Complaint, as amended, was the mirror image of the counterclaims instituted by the appellant in the District Court action. Consequently, the District Court was correct in dismissing the counterclaims in light of the order of dismissal issued by the Superior Court. The doctrine of res judicata applies in sweeping force.

 Dist./Mun. Cts. R. Civ. P., Rule 64(d).