CHARLES A. BENNETT *vs.* CHARLES S. POWELL.

Middlesex.　December 7, 1932. — October 25, 1933.

Present: RUGG, C.J., PIERCE, FIELD, & LUMMUS, JJ.

*Error, Writ of.*

While a motion to nonsuit the plaintiff in an action at law for failure to answer interrogatories was awaiting hearing, the attention of the counsel for the defendant was called to the fact that there were more than thirty interrogatories propounded, in violation of G. L. (Ter. Ed.) c. 231, § 61, and counsel for the parties agreed that the motion might go off the list without hearing and the clerk was so informed. By error of the clerk, an entry of nonsuit nevertheless was made and the action went to judgment. Neither party nor counsel learned of the entry of judgment for more than a year thereafter and in the meantime both parties prepared for trial. When the facts of the clerk's error and the entry of judgment were discovered, the plaintiff petitioned for a writ of error, which was granted subject to exceptions by the defendant. *Held,* that

(1) In the circumstances, there was no obligation on the part of the plaintiff or his attorney to examine the clerk's record; distinguishing *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43–44;

(2) There was no neglect on the part of either the plaintiff or his counsel: the plaintiff had a right to rely implicitly on the ordinary course of legal procedure tending toward a trial on the merits; ·

(3) The rule that no fact once tried out on the merits could be corrected by writ of error was inapplicable, no fact having been tried on its merits;

(4) The exception to the rule that no error in fact which contradicts a record can be corrected by a writ of error, namely, that a plaintiff in error may aver and prove a fact, which if true, shows that the record was not binding on him, applied;

(5) There being a plain miscarriage of justice without fault attributable to the plaintiff respecting a matter never tried on its merits, the writ properly was issued.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on September 3, 1931, for a writ of error.　. ..

Facts appearing at a hearing by *Crosby*, J., after a return upon the writ of *scire facias*, are stated in the opinion. The writ was ordered issued. The defendant in error alleged exceptions.

*E. R. Anderson & R. B. Owen,* for the defendant in error.

*L. Withington,* (*B. Morton* with him,) for the plaintiff in error.

RUGG, C.J. This is a petition for a writ of error. It was heard before a single justice who made findings of fact of this tenor: The petitioner was the plaintiff in an action at law brought by him against the defendant in error as defendant. A motion to nonsuit the plaintiff for failure to answer interrogatories propounded by the defendant was filed and that motion was on the list for disposition. Those interrogatories were drawn in violation of St. 1929, c. 303, § 1, G. L. (Ter. Ed.) c. 231, § 61, in that they were more than thirty in number. This illegality having been brought to the attention of counsel for the defendant, he agreed with counsel for the plaintiff that the motion to nonsuit might go off the list without hearing and the clerk of courts was so informed. Nevertheless, through error and mistake and notwithstanding this agreement, this entry was made on the docket: "April 11, 1930, motion to non-suit allowed. Plaintiff non-suited; non-suit to be removed without further order if answers to interrogatories are filed within thirty days." The plaintiff was not informed of this entry, did not answer the interrogatories, and was nonsuited, and the cause went to judgment in favor of the defendant in accordance with the rules of court. Counsel for both parties were ignorant of the docket entry above quoted: they took depositions in California in April, 1930, and a further deposition more than a year after the nonsuit. The fact of the nonsuit was not discovered by the plaintiff or his counsel until July 23, 1931, more than one year after the cause had gone to judgment. The finding is explicit to the effect that the "allowance of the motion to nonsuit the plaintiff was due to a misunderstanding or mistake of the clerk, or by reason of other accident or mistake." The single justice was of opinion that the case should be considered on its merits, and that in the interests of justice the erroneous entry of nonsuit and the judgment entered should be reversed and the case dealt with as if such motion had not been allowed and judgment had not been entered. Order

was made accordingly. Exceptions of the defendant in error bring the case here.

It is plain that in the original action there was a miscarriage of justice. The plaintiff brought his action. The defendant answered. The issues thus raised have never been tried. The defendant filed interrogatories to the plaintiff which were in violation of St. 1929, c. 303, § 1, G. L. (Ter. Ed.) c. 231, § 61, in that they were larger in number than was allowable without special order of the court. No such special order was made. Those interrogatories ought to have been dismissed on motion. There was no waiver of that right by the plaintiff. Instead parties agreed in effect that action on those interrogatories be suspended, and the clerk was notified accordingly. In direct contravention of that arrangement, the entry above recited was made, speedily resulting in a judgment for the defendant. The plaintiff was in no default in not knowing about this record. Nothing had occurred to lead him to suppose that any action would be taken or any docket entry made. No decision or order was impending of which he ought to take cognizance. There was no obligation on the part of the plaintiff or his attorney to examine the record. The rule stated in *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43–44, is not applicable to the case at bar. There was no neglect on the part of either in not discovering the mistake made on the record. Both parties coöperated for more than a year after the entry of the mistaken record in preparation for trial of the case on the merits. The plaintiff had a right to rely implicitly on the ordinary course of legal procedure tending toward a trial on the merits. Then he discovered that judgment had been entered against him on a default, all through mistake and in derogation of his rights.

No other form of relief seems to be open to the plaintiff. The time had expired before he learned of the judgment within which he might have brought a petition to vacate the judgment. G. L. (Ter. Ed.) c. 250, § 15. *Karrick* v. *Wetmore*, 210 Mass. 578, 579. Petition for writ of review would not lie for the same reason. G. L. (Ter. Ed.) c. 250, § 22. *Matthewson* v. *Moulton*, 135 Mass. 122. *Amherst College* v.

*Allen,* 165 Mass. 178, 179.   Suit in equity to restrain the execution of the judgment will not afford the plaintiff in error the trial upon the merits of his original action to which he is entitled.   *Brooks* v. *Twitchell,* 182 Mass. 443.   Before the entry of final judgment relief might have been afforded by request to the Superior Court for correction of the errors in its records.   *Barringer* v. *Northridge,* 266 Mass. 315, 318. But after the entry of final judgment such correction would be futile for the final judgment, in the entry of which there was no clerical error because entered pursuant to the rule, would still stand.   *Karrick* v. *Wetmore,* 210 Mass. 578, 579. *Wetmore* v. *Karrick,* 205 U. S. 141, 152.   The judgment cannot be attacked collaterally.   *Fogel* v. *Dussault,* 141 Mass. 154, 157.   *Joyce* v. *Thompson,* 229 Mass. 106, 107.

A petition for a writ of error is designed to correct errors of law and errors of fact.   G. L. (Ter. Ed.) c. 250, § 3.   No fact once tried out on the merits can be thus corrected. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 376.   The case at bar does not fall within that principle because there has never been any fact tried on its merits.   It is said in general that no error in fact can be assigned which contradicts the record.   *Riley* v. *Waugh,* 8 Cush. 220.   *Gray* v. *Cook,* 135 Mass. 189.   That is a sound and salutary rule. But it has been held subject to an exception in order to enable a plaintiff in error "to aver and prove a fact, which if true, shows that the record was not binding on him." *Bodurtha* v. *Goodrich,* 3 Gray, 508, 512.   In that case want of service upon the plaintiff in error as defendant in the original writ was shown upon a writ of error.   In the case at bar by mistake an entry was made on the record, contrary to agreement of parties, not permissible by law and in gross violation of rights of the plaintiff.   It would be a reproach to the law if no relief could be afforded in these circumstances. Without impairing the force of any general rule the conditions here presented are so exceptional that the writ ought to lie.

*Exceptions overruled.*