ALEXANDER F. MacEACHERN vs. S. S. WHITE DENTAL
MANUFACTURING COMPANY.

Suffolk.   January 9, 1939. — November 29, 1939.

Present: DONAHUE, QUA, COX, & RONAN, JJ.

Error, Writ of.

A resident of the Commonwealth of full capacity who, after due service
upon him in an action for goods sold and delivered, permitted the
entry of judgment against him by default, was not thereafter entitled
to try by writ of error the issues of fact whether the plaintiff in the
original action was a foreign corporation which had not complied with
G. L. (Ter. Ed.) c. 181, § 5, and whether he had paid for the goods,
since those issues might have been raised in the original action.

PETITION for a writ of error, filed in the Supreme Judi-
cial Court for the county of Suffolk on April 15, 1938.

A demurrer by the defendant in error was sustained on
June 1, 1938, by Field, J., who ordered the judgment
affirmed.   The plaintiff in error alleged exceptions.

W. C. Marshall, for the plaintiff in error.

K. B. Bond, for the defendant in error.

QUA, J.   In the original action in the Municipal Court of the City of Boston the defendant in error obtained by default a judgment against the plaintiff in error on an account annexed for merchandise sold and delivered. The original writ was duly served in hand upon the original defendant, plaintiff in error, a resident of this Commonwealth. He failed to appear or to answer.

The assignments of error, to which the defendant in error demurs, are in substance (1) that when the judgment was rendered the plaintiff in the original action was a foreign corporation and had not fully complied with G. L. (Ter. Ed.) c. 181, § 5, requiring foreign corporations, before transacting business in this Commonwealth, to file certain documents with the commissioner of corporations and taxation, and providing that "no action shall be maintained or recovery had in any of the courts of this commonwealth by any such foreign corporation so long as it fails to comply" with this and certain other sections, and (2) that the open account upon which the original action was brought had, prior to the commencement of that action, been paid and satisfied by a series of promissory notes given by the original defendant to the original plaintiff.

It is evident that both assignments of error set up facts not appearing in the record and inconsistent with the judgment rendered in the court below. "Error in fact cannot be assigned when the matter of fact might have been put in issue and tried in the original suit. A party cannot retry his case upon error." *Raymond* v. *Butterworth*, 139 Mass. 471. *Riley* v. *Waugh*, 8 Cush. 220. *Gray* v. *Cook*, 135 Mass. 189. *Joan* v. *Commonwealth*, 136 Mass. 162. *Pratt* v. *Bidwell*, 175 Mass. 453. *Perkins* v. *Bangs*, 206 Mass. 408, 412. *Cheney* v. *Boston & Maine Railroad*, 246 Mass. 502, 505. *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 376. *Bennett* v. *Powell*, 284 Mass. 246, 249. This long established limitation as to issues of fact must be taken into account in construing the statutes relating to writs of error. G. L. (Ter. Ed.) c. 250, §§ 3, 9. We do not pause to consider whether or not the first assignment of error raises a question of jurisdiction to enter the original judg-

ment (see *Friedenwald Co.* v. *Warren,* 195 Mass. 432; *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458), as the principle just stated applies to questions of jurisdiction over the subject matter as well as to other questions. *Riley* v. *Waugh,* 8 Cush. 220. Compare, however, as to questions of jurisdiction over the person of the original defendant, *Bodurtha* v. *Goodrich,* 3 Gray, 508, and other cases hereinafter cited. The general rule has no application where the error assigned is the rendering of judgment against an infant who has no probate guardian and for whom a guardian *ad litem* has not been appointed. *Johnson* v. *Waterhouse,* 152 Mass. 585. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 376. Such a defendant is without capacity to try any issue in the original action. As to an insane person, see *Taylor* v. *Lovering,* 171 Mass. 303; *Cunningham* v. *Davis,* 175 Mass. 213, 217; *McKenna* v. *McArdle,* 191 Mass. 96, 100.

But the plaintiff in error contends that the rule hereinbefore discussed does not apply to this case, because here the original judgment was obtained by default without any trial at which the matters now assigned as error could have been investigated. Such a distinction between a case in which the original action was tried and one in which the original defendant, after due service upon him, permitted judgment to go against him by default can be supported neither in reason nor by authority. He could have set up and proved his defences in that action, if he had appeared and defended. After having been served with process "his default must be considered as voluntary." *Jarvis* v. *Blanchard,* 6 Mass. 4, 5. The practical effect of adopting this contention of the plaintiff in error would be to leave to any defendant an option either to defend the action or to let it go to judgment by default and afterwards to try out the facts on writ of error brought at any time within six years after the judgment. G. L. (Ter. Ed.) c. 250, § 5. No such practice exists. We are aware of no decision which sanctions it. On the contrary, in *Bishop* v. *Donnell,* 171 Mass. 563, 567, where the service upon the original defendant was defective but she had actual notice of the action and a full opportunity

to appear and defend and instead of doing so "lay by" and made no defence, it was held that "she ought not now to be heard in any form of proceeding to contest the validity of the service and judgment." See *Skipwith* v. *Hill*, 2 Mass. 35, 36.

In the case of *Bodurtha* v. *Goodrich*, 3 Gray, 508, it was held that a nonresident defendant not served with process might, on writ of error, show that an appearance ostensibly entered in his behalf was not in fact authorized. This was an exception to the rule in order that he might prove a fact which, if true, showed "that the record was not binding on him." 3 Gray, at page 512. *Bennett* v. *Powell*, 284 Mass. 246, 249. See *Tilden* v. *Johnson*, 6 Cush. 354; *Johnson* v. *Thaxter*, 12 Gray, 198; *Hall* v. *Staples*, 166 Mass. 399, 400. In the case of *Hollis* v. *Richardson*, 13 Gray, 392, and in other cases cited by the plaintiff in error, the errors assigned were errors of law apparent on the face of the record and did not involve allegations of fact that could have been proved at a trial. These cases are not in point. None of the cases cited sustains the position here taken by the plaintiff in error.

*Exceptions overruled.*