FREDERICK D. HENDRICK *vs.* WEST ROXBURY CO-OPERA-
TIVE BANK.

Plymouth.    February 9, 1950. — April 27, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Review, Writ of.  Pleading, Civil,* Petition for writ of review, Demurrer.
*Practice, Civil,* Exceptions: subject of exception.

The propriety of an order in the Superior Court sustaining a demurrer
to a petition for a writ of review may be brought to this court by a
bill of exceptions.

A petition for a writ of review, setting forth that a judgment against the
petitioner in an action by the respondent had been entered upon a
default of which the petitioner had had no notice and that he had a
meritorious defence to the action, was not defective in that it did not
also set forth in full the pleadings and proceedings in the action.

A failure to allege any newly discovered evidence in a petition for a writ
of review was not a defect where the petition was based on a ground
other than newly discovered evidence.

By reason of G. L. (Ter. Ed.) c. 250, § 31, the fact, that a certain defence
might not have been open to the defendant in an action in view of the
pleadings therein, did not necessarily mean that such defence would
not be open to him on a review of a judgment entered against him on
a default of which he had had no notice, nor constitute a ground for
sustaining a demurrer to his petition for a writ of review.

A petition for a writ of review alleging that a judgment had been entered
against the petitioner as defendant in an action in a District Court
after a default of which he had had no notice was not open to attack
on the ground that it was "insufficient in law . . . there being no
requirement in the law or under the rules of . . . [the District Courts]
that said notice be received by the petitioner or his attorney before
default must be entered."

Allegations of a petition for a writ of review, that a judgment against the
petitioner in an action by the respondent had been entered upon a
default of which the petitioner had had no notice and that he had a
meritorious defence to the action, were sufficient to justify a judge in
granting the petition in the exercise of his discretion, and the sustain-
ing of a demurrer to the petition, being in effect a ruling that as matter
of law the allegations in the petition did not entitle the petitioner to a
hearing on the merits, was error.

PETITION for a writ of review, filed in the District Court of
Brockton on January 24, 1948.

Upon appeal to the Superior Court, the case was heard on demurrer by *Kirk,* J.

*W. G. Cogan,* for the petitioner.

*W. J. Geegan & E. M. Joyce,* for the respondent, submitted a brief.

SPALDING, J. This is a petition for a writ of review under G. L. (Ter. Ed.) c. 250, § 22, of a judgment recovered in a District Court by the respondent in an action on a promissory note. The petitioner alleged that he was defaulted in the original proceeding for failure to answer interrogatories, "but no notice of such default was ever received by the petitioner or his attorney and none was ever delivered to the office of the petitioner or his attorney." It was also alleged that execution issued upon the judgment and was satisfied in full by levy upon funds in the possession of a trustee bank without the knowledge of the petitioner or his attorney. The petition incorporated the declaration and answer in the original action. It did not in terms allege that the petitioner had a good defence, but the averments in paragraphs 3, 4, and 7, together with those in the original answer, amounted to such an allegation. In the District Court the respondent's demurrer was overruled, and the petition was granted. On appeal by the respondent to the Superior Court (see *Quincy* v. *Brooks-Skinner, Inc., ante,* 406, 408, and cases cited) the demurrer was sustained.

The petitioner seasonably filed an exception to the order sustaining the demurrer, and later claimed an appeal from this order and also from the denial of his motion to amend his petition. The claim of appeal from the order sustaining the demurrer was taken too late, G. L. (Ter. Ed.) c. 231, § 96, but the correctness of the ruling may be brought to this court by exceptions. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 56–57. *Enga* v. *Sparks,* 315 Mass. 120, 124.

The demurrer assigned numerous grounds for "dismissing" the petition. A demurrer is a unit and must be sustained or overruled as a whole. *Ratté* v. *Forand,* 299 Mass. 185, 187. *Damiano* v. *National Grange Mutual Liability Co.* 316 Mass. 626, 628. If any ground is good, that is sufficient

to dispose of the exception. *Hiller* v. *American Telephone & Telegraph Co.* 324 Mass. 24.

1. The petition was not defective in failing to set out in full the pleadings and proceedings in the first action. The statute makes no express requirement that this be done; indeed, as to the writ of review itself, there is an express provision that "It shall not be necessary to recite at length the declaration and other proceedings in the original action." G. L. (Ter. Ed.) c. 250, § 28. In a petition to vacate judgment (an analogous proceeding, *Marsch* v. *Southern New England Railroad*, 235 Mass. 304, 305), "The completeness and formality of the pleading in an ordinary action at law has not been required." *Herlihy* v. *Kane*, 310 Mass. 457, 460. See *Hastings* v. *Parker*, 168 Mass. 445. The same rule is applicable to a petition for a writ of review.

2. The second ground of the demurrer objected specifically to the failure of the petition to recite the removal of the nonsuit of the respondent (plaintiff in the original action)[1] and to set out the record relating to "charging the trustee." It is impossible to determine on this record whether the trustee bank or the present petitioner satisfied the judgment, and while this bears upon his knowledge of the judgment, it is a matter to be settled at the hearing on the petition. Doubtless the petition ought to have shown that the nonsuit had been removed, but the removal can be inferred from the fact that the case went to judgment. Commonly all that a petition for a writ of review alleges is that the petitioner was a party to an action in which a judgment was entered against him, and the reasons relied upon for reviewing it. The omission of the fact here complained of, although confusing, does not affect the substance of the petitioner's allegation that he was defaulted without notice.

3. The failure to allege any newly discovered evidence is not fatal. This is only one of the reasons for the granting of a writ of review.

---

[1] It was alleged in the petition that the respondent as plaintiff in the original action was nonsuited therein for failure to answer interrogatories. — REPORTER.

4. It may be, as one of the grounds of the demurrer asserts, that the defence that the petitioner did not sign the note was not open to him because of the requirements embodied in G. L. (Ter. Ed.) c. 231, § 29. But it would not follow that that issue might not be open on review.[1] Moreover, apart from this, the petitioner may still have a good defence.

5. Another ground attacked the substance of the petition by stating that the allegations as to lack of notice of the default "are insufficient in law . . . there being no requirement in the law or under the rules of . . . [the District Courts] that said notice be received by the petitioner or his attorney before default must be entered." The second half of this statement is true, but beside the point. General Laws (Ter. Ed.) c. 231, § 58, and Rule 14 of the District Courts (1940) both require that, upon entry of a default, the clerk of court shall forthwith give written notice thereof to the attorney of record. The purpose of such a notice is to enable a party to learn of the action taken and to determine what steps, if any, he will take to remove the default. While it is true that ordinarily it is the duty of parties to look after their cases and to ascertain what steps are taken in their disposition (*Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43–44), statutes and rules of court sometimes, as here, mitigate the rigors of that principle. See *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 500–501.

The granting or denial of a petition for a writ of review rests in the sound discretion of the judge. *Quincy* v. *Brooks-Skinner, Inc.*, ante, 406, 411, and cases cited. It was "the purpose of the Legislature to give the court much latitude in determining what justice requires in each particular case." *Sylvester* v. *Hubley*, 157 Mass. 306, 309. *Brewer* v. *Holmes*, 1 Met. 288, 291. The petition in substance alleges,

[1] General Laws (Ter. Ed.) c. 250, § 31, provides that "If an issue of fact was joined in the original action, the case shall be tried on the review upon the same issue, unless the court allows such amendments of the original pleadings by either party as might have been allowed in the original action." See *Ham* v. *Kerwin*, 146 Mass. 378.

as it must, that the petitioner had a meritorious defence to the original action. *Mellet* v. *Swan*, 269 Mass. 173, 176–177. *Russell* v. *Foley*, 278 Mass. 145, 148. *Robinson* v. *Lyndonville Creamery Association*, 284 Mass. 396, 399. It cannot be said as a matter of law that the allegations of the petition, here taken as true, would be insufficient to warrant a judge in granting the petition, in the exercise of his discretion. *Boston* v. *Robbins*, 116 Mass. 313. *Todd* v. *Barton*, 117 Mass. 291. *Golden* v. *Blaskopf*, 126 Mass. 523. *Sylvester* v. *Hubley*, 157 Mass. 306. *Burt* v. *Hodsdon*, 242 Mass. 302. *Robinson* v. *Lyndonville Creamery Association*, 284 Mass. 396. The petitioner was entitled to a hearing on the merits. The sustaining of the demurrer was in effect a ruling by the judge that on the averments of his petition the petitioner as matter of law was not entitled to such a hearing, and in this there was error. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 498, 503.

We have discussed the principal grounds of the demurrer. The other grounds are without merit and do not require discussion. The conclusion reached makes it unnecessary to consider the appeal from the denial of the petitioner's motion to amend. Moreover, such an order is not appealable. G. L. (Ter. Ed.) c. 231, § 96.

*Appeals from order sustaining demurrer and from order denying motion to amend petition dismissed.*

*Exceptions sustained.*