HAROLD WEINGARTNER & others *vs.* TOWN OF NORTH WALES & others.

Suffolk.    June 26, 1951. — September 26, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Constitutional Law,* Separation of powers of government, Due process of law, Taxation, Judgment. *Taxation,* Apportionment of tax burden, Federal estate tax. *Executor and Administrator,* Taxes. *Statute,* Retroactive statute. *Judgment. Probate Court,* Decree. *Res Judicata.*

A decree of a Probate Court, not appealed from, which was entered in 1947 in an adversary proceeding on a petition by an executor under G. L. (Ter. Ed.) c. 65A, § 5B, and determined in accordance with the then § 5 the incidence of the burden of the Federal estate tax assessed on the estate of the petitioner's testator, was a final adjudication within the principle of constitutional law invalidating legislative attempts to affect existing court judgments, notwithstanding a possibility of subsequent changes in the legatees affected by the decree and the fact that the final assessment of the tax did not occur until after the entry of the decree.

Application of St. 1948, c. 605, in accordance with § 3 thereof to change the incidence of the burden of the Federal estate tax assessed on a decedent's estate from the incidence determined in a final adjudication

by a decree of the Probate Court entered in 1947 in a proceeding under G. L. (Ter. Ed.) c. 65A, § 5B, would violate both art. 30 of the Declaration of Rights of the Massachusetts Constitution and the due process clause of the Fourteenth Amendment to the Federal Constitution.

PETITION, filed in the Probate Court for the county of Suffolk on April 17, 1950.

The case was heard by *Dillon*, J.

In this court the case was submitted on briefs.

*R. J. Coffin*, for the petitioners.

*C. H. Amon, Jr.,* & *T. L. Cross,* for the respondent town of North Wales.

WILKINS, J.   The petitioners, specific legatees under the will of John Weingartner, late of Boston, seek the revocation of a decree of the Probate Court for the county of Suffolk, dated October 16, 1947.   That decree, in accordance with G. L. (Ter. Ed.) c. 65A, § 5, as appearing in St. 1943, c. 519, § 1, ordered the payment of the Federal estate tax proportionately by the specific legatees, excluding those which were charities, and excluding the residuary legatee, the respondent town of North Wales in the Commonwealth of Pennsylvania.   G. L. (Ter. Ed.) c. 65A, § 5B, inserted by St. 1943, c. 519, § 1.   The present petition also seeks an order that the Federal estate tax be apportioned in accordance with an amendment of c. 65A made by St. 1948, c. 605, which would throw the tax onto the residue.   The case is reserved and reported without decision. . G. L. (Ter. Ed.) c. 215, § 13.   The evidence is reported.   By stipulation the only issues concern the constitutionality of G. L. (Ter. Ed.) c. 65A, § 5, as appearing in St. 1948, c. 605, § 1.

John Weingartner died testate in 1944.   The respondent Joseph G. Bryer was appointed executor of his estate on June 12 of that year.   By the will, which made no provision or direction as to the payment of taxes, cash bequests were made to a number of persons, chiefly relatives, and to charities.   The residue was given to the respondent town "as a trust fund" for the purchase and maintenance of parks and for the maintenance of streets.   *Arnold* v. *Commissioner of Corporations & Taxation, ante,* 694.   In

a codicil a bequest of $1,000 was made "to each of my first cousins and second cousins" not mentioned in the will. No property of the testator passed except under his will. The appraised value of the estate was about $450,000.

The decree of October 16, 1947, was entered upon the executor's petition, which alleged that a question had arisen under G. L. (Ter. Ed.) c. 65A, § 5, as appearing in St. 1943, c. 519, § 1, and § 5A inserted by St. 1943, c. 519, § 1, as to the apportionment and proration of the Federal estate tax among the legatees "and of the amount of reimbursements, contributions and other payments therein provided for." The prayer was "that an order or decree be entered to direct the making of any such payments and to determine the apportionments and prorations and the amounts thereof, and of the contributions and other payments required from the legatees under said will as provided in said chapter and to make such other determinations, orders and decrees as may be required under said sections."

The decree, after reciting the giving of notice to all persons interested and, certain persons objecting, the holding of a hearing, continued as follows: ". . . the court doth order and decree that the Federal estate tax is to be borne by those who received specific individual legacies, excluding therefrom St. Vincent De Paul's Catholic Church of Oromocto, Sunbury County, New Brunswick, St. Peter's Lutheran Church, St. Luke's Reformed Church, Sanctuary Methodist Church, St. Rose of Lima Roman Catholic Church, North Wales Baptist Church, Dudley Street Baptist Church, Morgan Memorial Cooperative Industries, and the residuary legatee, the town of North Wales. It is further ordered, adjudged and decreed that in the case of the two legacies bearing beneficial life interest in favor of brothers of the deceased, with the remainder to the town of North Wales, the Federal estate tax is to be based on the life interest in each of the trusts, and is to be paid out of the corpus of said trust, without apportionment between temporary estates and the remainders." No appeal was taken by anyone.

When the decree was entered on October 16, 1947, G. L. (Ter. Ed.) c. 65A, § 5, as appearing in St. 1943, c. 519, § 1, provided that the estate tax "shall be equitably apportioned and prorated among the persons interested in the estate . . . in the proportion as near as may be that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate . . . ." Without the aid of statute the executor would not have been entitled to apportionment of the Federal estate tax. *Isaacson* v. *Boston Safe Deposit & Trust Co.* 325 Mass. 469, 474, and cases cited.

By St. 1948, c. 605, § 1, effective January 1, 1949, G. L. (Ter. Ed.) c. 65A, § 5, was amended by striking out § 5 as it then stood and by substituting, so far as is now material, the following: ". . . the net amount of said tax shall be apportioned among and borne by recipients and beneficiaries of the property and interests included in the gross estate in the following manner: — 1. If any portion of the estate passed under the will of the decedent, such proportion of the net amount of the tax so levied or assessed shall, except as otherwise provided or directed by the will, be charged to and paid from the general funds of the estate as the net amount of the property passing under the will and included in the measure of such tax, exclusive of property over which the decedent had any power of appointment . . ., bears to the amount of the net estate as hereafter defined in this section."

It thus appears that the 1948 amendment, so far as property passing by will is concerned — and that is the only kind of property involved in this case — reverted to the common law of this Commonwealth as it stood before the 1943 statute. After January 1, 1949, there is to be no statutory apportionment of the Federal estate tax on property passing by will.[1] The executor is to make the payment, and

---

[1] Under portions of § 5 not quoted in the opinion, there continues to be apportionment, as under the 1943 act, as against others not taking by the will whose interests have been gathered into the gross estate.

is to make it from the residue. Consequently, if applicable and constitutionally valid, St. 1948, c. 605, has removed the basis for the decree of October 16, 1947.

By St. 1948, c. 605, § 3, it is provided: "This act shall apply to taxes paid and distributions made subsequent to the effective date of chapter five hundred and nineteen of the acts of nineteen hundred and forty-three, except that this act shall not apply to amounts paid as estate taxes nor to distributions made by an executor, administrator or trustee after the effective date of said chapter five hundred and nineteen and before the effective date of this act, unless such executor, administrator or trustee shall at the time this act takes effect have in his hands in such capacity funds sufficient fully to readjust the payments and distributions so that they shall accord with the provisions of this act."

It is not questioned that the respondent executor on January 1, 1949, the effective date of c. 605, had in his hands (and, for that matter, still has) funds sufficient to readjust payments so as to accord with the provisions of the act. The issue is thus squarely presented whether c. 605 is unconstitutional in its application to this estate.

In 1945, the executor paid approximately $56,000 on account of the Federal estate tax. In 1946 a deficiency tax of more than $25,000 was assessed. In 1948 this amount was slightly reduced. About November 15, 1949, the United States Tax Court ordered the cancellation of this assessment and directed a refund of more than $11,000 with interest, which was repaid to the executor in 1950.

By March 26, 1946, the executor had paid in full all the specific legacies given by the will except for sums withheld to pay the Massachusetts tax. The charities thus were paid in full. No payments have been made at any time to the cousins under the class bequest in the codicil, but twenty-three cousins were allowed to intervene as petitioners.

On October 30, 1947, two weeks after the decree the revocation of which is sought, a payment on account was made to the residuary legatee.

Following that decree, the executor made demand upon the noncharitable specific legatees for repayment of twenty-five per cent of their respective legacies to cover their shares of the Federal estate tax, and by February 1, 1948, these sums, aggregating $46,271, had been repaid to him.

The petitioners contend that the decree was merely a declaration as to the effect of a tax statute then, but no longer, in effect. Such an argument does not harmonize with the statute, or with the proceedings taken pursuant to it. General Laws (Ter. Ed.) c. 65A, § 5, as appearing in St. 1943, c. 519, § 1, was explicit as to the types of proceedings in which an apportionment was to be made. Its opening words were, "Whenever it appears upon any accounting, or in any appropriate action or proceeding, that . . . a fiduciary . . . has paid or may be required to pay an estate tax . . . ." The section proceeded in mandatory terms. The tax "shall be equitably apportioned and prorated among the persons interested in the estate." The proportional standard of apportionment was laid down, allowances were required to be made for exemptions, and a very liberal definition given of "persons interested in the estate."

The executor's petition for apportionment clearly conformed to the provisions of G. L. (Ter. Ed.) c. 65A, § 5B, inserted by St. 1943, c. 519, § 1, which read: "The probate court having jurisdiction of the estate of a decedent, or of any trust or person affected by sections five and five A, and by this section, or any of them, shall have jurisdiction to hear and determine all questions arising under said sections, and to make apportionments and prorations, determine the amounts thereof and of reimbursements, contributions and other payments therein provided for, and by order or decree to direct the making of any such payments, and issue execution therefor, and to make such other determinations, orders and decrees as may be required under said sections, subject to appeal as in other cases."

An adversary proceeding took place upon the executor's petition for apportionment, and the ensuing decree unconditionally ordered the tax to be borne by the noncharitable

legatees and expressly excluded the respondent town from the tax burden. By the very terms of § 5B, there could have been an appeal from the decree, and the fact that none was taken in no way derogated from the final character of the adjudication, which was made in accordance with the statutes then in effect. Compare *Rafferty* v. *Smith, Bell & Co. Ltd.* 257 U. S. 226. The executor, it will be noted, at once sought and obtained the return of sums which appeared, in the light of the decree, to be overpayments to the noncharitable specific legatees.

We had occasion to consider the 1943 apportionment statute in *Merchants National Bank* v. *Merchants National Bank,* 318 Mass. 563. An allocation of a part of the burden of the last instalment of the Federal estate tax, paid after the statute took effect, among the beneficiaries who had not received full distribution was upheld. At pages 574–575, it was said, "It was within the power of the Legislature to regulate the conservation, devolution and administration of estates, and to prescribe the rules of apportionment of the burden of the Federal estate tax and also of the Massachusetts estate tax and to make them applicable to estates then in the course of administration where, as here, neither the will nor the trust instrument contains any directions or provisions relative to the apportionment and where no previous judgment or decree adjudicating the liability of these respondents for any part of the burden of this tax has been rendered in any proceeding in which these respondents were parties."

The petitioners ask us to disregard the reference to a previous judgment or decree in the last clause of the foregoing quotation. This we cannot do. We think that the principle of law there stated is correct, and that it applies here. Article 30 of the Declaration of Rights of the Constitution of Massachusetts prohibits any legislative attempt "to grant a new trial or a rehearing in a cause in the courts, or to declare ineffective or to reverse, annul, change, modify or affect the judgment of a court." *Opinion of the Jus-*

tices, 234 Mass. 612, 621. *Denny* v. *Mattoon*, 2 Allen, 361, 377–380. *Sparhawk* v. *Sparhawk*, 116 Mass. 315, 318. *Forster* v. *Forster*, 129 Mass. 559, 561–562. *Worcester County National Bank, petitioner*, 263 Mass. 444, 456–458. *Casieri's Case*, 286 Mass. 50, 56. *Ziccardi's Case*, 287 Mass. 588, 590–591. *New England Trust Co.* v. *Paine*, 317 Mass. 542, 545–546. See *Piedmont Memorial Hospital, Inc.* v. *Guilford County*, 221 N. C. 308, 311; *Parker Estate*, 348 Pa. 211. *Danforth* v. *Groton Water Co.* 178 Mass. 472, is not an authority for the petitioners, as was pointed out in *Ziccardi's Case* at page 591.

Another argument, asserting that the respondent town is in the same position as the pecuniary legatees in the *Merchants National Bank* case, overlooks the effect of a binding decree of apportionment, lacking in that case but present in this. Still other arguments based upon a supposed absence of vested rights on the part of the residuary legatee in specific property either because of the possibility of more cousins being found or because of the fact that the final determination of the Federal estate tax occurred after January 1, 1949, fail to take into account the statutory authority for, and the nature of, the adjudication of October 16, 1947. Contrary to the contentions of the petitioners, there is nothing strange that new rights and obligations should arise out of an adjudication, even though it concerns the apportionment of taxes in an estate in the course of administration.

The decree sought to be revoked was no mere declaratory judgment. But even a declaratory judgment has "the force and effect of a final . . . decree." G. L. (Ter. Ed.) c. 231A, § 1, inserted by St. 1945, c. 582, § 1. *Western Electric Co. Inc.* v. *Hammond*, 135 Fed. (2d) 283, 286 (C. C. A. 1). *Tennessee Coal, Iron & Railroad Co.* v. *Muscoda Local No. 123*, 137 Fed. (2d) 176, 179 (C. C. A. 5). *San Luis Power & Water Co.* v. *Trujillo*, 93 Colo. 385, 391. *Anderson* v. *Park Ridge*, 396 Ill. 235, 241–242. *Rauh* v. *Fletcher Savings & Trust Co.* 207 Ind. 638, 642. *Great Northern Railway* v. *Mustad*, 76 N. D. 84, 92. Restate-

ment: Judgments, § 77, comment b. 62 Harv. L. Rev. 787, 841–842. 10 A. L. R. (2d) 782. The same is true of a petition for instructions in the Probate Court. *Smith* v. *Shanahan*, 314 Mass. 329, 333–334.

The application of St. 1948, c. 605, to the case at bar would violate not only art. 30 of the Declaration of Rights of the Constitution of Massachusetts but also the due process clause of the Fourteenth Amendment to the Constitution of the United States. *McCullough* v. *Virginia*, 172 U. S. 102, 123–124. *Hodges* v. *Snyder*, 261 U. S. 600, 603.

*Petition dismissed.*