### Northern District

#### No. 4772

## PAUL JAROSKY

v.

## ELM FARM FOODS CO.

### (August 5, 1954)

*Brooks, J.* The sole issue before us is whether the trial judge [Green, S. J.] erred in allowing plaintiff's motion to dismiss defendant's draft report. Plaintiff had sued defendant in tort. The case had been tried and the court had found for plaintiff. Notice of the finding had been mailed at Cambridge to both counsel on Friday, February 19, 1954. Defendant's counsel, whose office is in Boston and not open on Saturday, personally received the notice on Tuesday, February 23, Monday being a holiday.

Counsel for defendant filed a claim for a report on February 26. On March 3, he filed the draft report. March 9, plaintiff filed motion to dismiss draft report. April 5, motion to dismiss was allowed.

Plaintiff admits that the claim for a report was seasonably filed under Rule 27 of the Rules of the District Court, reading in part as follows:

"Such request for a report shall be filed with the clerk within five days after notice of the finding or decision."

Plaintiff's contention is that the draft report was not filed within the time required by Rule 28 of the Rules of the District Court, reading in part as follows:

"The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision in the cause provided the case be then ripe

"for judgment except for the pendency of requests for rulings and request for a report or a motion for a new trial—otherwise within ten days after the cause becomes ripe for judgment."

Plaintiff argues that Rules 27 and 28 are to be interpreted differently when it comes to computing time allowed for filing a claim for report on the one hand and a draft report on the other hand. He admits that under Rule 27 it is the actual time of receipt of notice which counts subject to the qualification regarding negligence suggested in *Sweeney v. Morey & Co.* 279 Mass. 495, 500, 501; *Hendrick v. W. Roxbury Cooperative Bank,* 325 Mass. 671, 674. He contends, however, in the case of the filing of the draft report under Rule 28 that no leeway is to be allowed for any reason and though no fault attaches to counsel for the appealing party.

The distinction is an ingenious one but we do not think that there is enough difference to give it warrant in law. The two acts to be performed under Rules 27 and 28 are similar. The time required for filing relates to the same act, namely notice of the finding. In both cases failure to comply with the rule cuts off appeal. If excusable delay is fair under Rule 27 as it clearly is,—*Sweeney v. Morey & Co., supra,*—it should be permitted under Rule 28. There is as much reason for not being strict in one case as in the other. As the court stated in *Sweeney v. Morey,*

"If it had been the intention of the Legislature in enacting the statute that the two days should begin to run from the delivery of the notice at the office of the person entitled to it, in the absence of that person, it would have been simple and more logical to require the two days to begin to run from the rendition of the decision or from the date of the notice, rather than after the notice."

We think the trial judge erred in allowing the motion to dismiss. His action is therefore vacated

and the case remanded for further action on defendant's draft report.

M. B. Goldberg, for the plaintiff.

M. J. Aldrich, Leo J. Hession, for the defendant.