*Northern District*

No. 4873

### EDWARD C. DOHERTY d/b/a

v.

### MYER ETCOFF d/b/a

(August 7, 1955)

*Gadsby, P. J.* This is an action of contract wherein the plaintiff seeks to recover from the defendant $201.69 for goods alleged to have been sold and delivered to the defendant in accordance with an account annexed to said declaration.

The defendant's answer is a general denial, payment, Statute of Frauds and recoupment.

The plaintiff filed interrogatories to the defendant. Prior to the time provided for by statute within which to answer said interrogatories, the defendant duly and seasonably filed a motion to strike said interrogatories, which motion, after notice given to opposing counsel, was set down for hearing on January 20, 1955 and was argued by counsel. The defendant contended that by reason of the manner in which interrogatories numbered 9, 11, 12, 13, 14, 15, 16 and 18 were drawn, the aggregate number of questions comprising said interrogatories exceeded thereby in numbers that permitted to be filed under the statute here involved. At the time of the hearing counsel for the plaintiff conceded that there were technically more than thirty interrogatories. On January 21, 1955 the defendant received notice that the motion to strike said interrogatories was disallowed by the court and the defendant in accordance with the rules of the District Courts of the Commonwealth of Massachusetts, requested in writing that the said ruling be reported. The said ruling constituting an interlocutory order, as provided for in c. 426 of the Acts of 1931, upon application of the defendant the court consented that this matter may be reported to the Appellate Division prior to the time when said cause should be ripe for judgment, pending determination by the Appellate Division, and that all proceedings herein be stayed except such as are necessary to preserve the interests of the parties.

The report contains all matters material to the question reported.

It appears from the examination of the interrogatories that more than thirty interrogatories contrary to the provisions of G. L. (Ter. Ed.) c. 231, §61, which provides in part as follows:

"No party shall file as of right more than thirty interrogatories, including interrogatories subsidiary or incidental to, or dependent upon, other interrogatories, and however the same may

be grouped, combined or arranged; but for adequate cause shown, the court may allow additional interrogatories to be filed."

The interrogatories were larger in number than were allowable without special order of the Court. No such special order was made. These interrogatories should have been dismissed on motion and stricken from the record. *Bennett v. Powell*, 284 Mass. 246, 248.

The case is ordered returned to the District Court. The order for disallowance should be reversed and the defendant's motion allowed.

Walter T. Ollen, for the plaintiff.

Leonard Poretsky, for the defendant.