RUTH N. MAHONEY, executrix, *vs.* HERBERT F. BERNSTEIN.

Plymouth. December 7, 1967. — February 7, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Error, Writ of. Judgment. Practice, Civil,* Entry of judgment.

The entry of judgment automatically for the defendant in an action following a nonsuit of the plaintiff under Rule 36 of the Superior Court (1954) for failure to file answers to interrogatories and the expiration of thirty days thereafter without filing of the answers was not dependent upon sending of a notice of entry of nonsuit to the plaintiff as required by the rule. [651]

Where the plaintiff in an action at law was notified by the clerk of court to disregard a notice of nonsuit for failure to answer interrogatories and that the plaintiff was "not at the present time in non-suit," and on a later date the clerk restamped the defendant's application for a nonsuit as then filed and an entry in the docket was made reading "Nonsuit on interrogs; 30 days . . . notice sent," but such notice was not in fact sent and after the action had automatically gone to judgment for the defendant following the expiration of the thirty days

the defendant's counsel participated in various interlocutory proceedings and took action in the case without stating to the plaintiff's counsel that it was not pending, it was held, upon a proceeding on writ of error commenced by the plaintiff more than one year after the action had gone to judgment, that in the circumstances and to avoid a miscarriage of justice the judgment should be set aside, provided the plaintiff first gave bond under G. L. c. 250, § 6.   [653]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Plymouth on August 2, 1966.

The case was reserved and reported by *Whittemore,* J.

*George L. Wainwright* for the petitioner.

*David H. Kopelman* for the respondent.

WHITTEMORE, J.   This proceeding on writ of error was reserved by the single justice on the pleadings, the return and his findings.   The petition asks that there be vacated a judgment entered in the Superior Court on August 31, 1965, "nunc pro tunc as of November 25, 1963," in the tort action of Mahoney v. Bernstein, No. 47940.   The petitioner learned of the entry about November 15, 1965, when a trial list, then issued, omitted case No. 47940.   The petitioner had no remedy by writ of review under G. L. c. 250, § 22, as more than a year had elapsed and the judgment was not entered "in . . . [her] absence" within the meaning of the statute.   *Reubens* v. *Boston Fed. Sav. & Loan Assn.* 342 Mass. 483, 486.

The petitioner contends that the circumstances in respect of the entry of the nonsuit on which the judgment entered, and the events following, make the case like *Bennett* v. *Powell,* 284 Mass. 246, and entitle her to the extraordinary relief of a writ of error.

On October 17, 1963, the defendant, under Rule 36 of the Superior Court (1954), applied for a nonsuit for failure of the plaintiff to answer interrogatories and the clerk sent to the plaintiff a notice of the nonsuit and that it would be removed if answers were filed within thirty days.   The defendant was at that time in default for failure to file answers to the plaintiff's interrogatories and for that reason the clerk, without action by the court, by mail notified the plaintiff on October 18 to disregard the notice and, on

October 21, that the plaintiff "is not at the present time in non-suit." The clerk at some time cancelled by an ink cross the October 17, 1963, filing stamp on the application for a nonsuit. The defendant's answers to interrogatories were filed on October 23, 1963, and on that day the defendant renewed his request for a nonsuit and the clerk thereupon restamped the defendant's application for a nonsuit as then filed. There is no docket entry in respect of the "non-suit" of October 17 or the notices of October 18 and October 21. There is a docket entry reading, "Application to non suit on interrogs. Oct. 23/63. Non suit on interrogs., 30 days Oct. 23/63. notice sent." The plaintiff's attorney received no notice in respect of the October 23, 1963, nonsuit. No notice of nonsuit was sent other than the notice of October 17.

In November and December, 1963, and in February, May and July, 1964, there were in the case various interlocutory proceedings, initiated by the plaintiff's attorney, which caused the attorneys for both parties to meet in court or to confer and led to formal and informal action in respect of the case by the defendant's attorney.[1]

On the court record and under usual rules the petitioner would not be entitled to relief. The entry of judgment "nunc pro tunc" served only to put on the record what had happened by automatic action on November 25, 1963. *Higgins* v. *First Natl. Stores, Inc.* 340 Mass. 618, 620. The "entry" of judgment was not dependent upon notice being sent. Rule 36 of the Superior Court (1954). *Home Owners'*

---

[1] The defendant on July 24, 1963, and the plaintiff on October 18, 1963, filed motions for specifications. These motions were denied on November 4, 1963. On October 23, 1963, the plaintiff moved for further answers to interrogatories. An order on this motion was entered on November 4, 1963. The plaintiff on December 13, 1963, filed an application to default the defendant for failure to file the further answers, and notice was sent. The defendant filed further answers on December 23, 1963. The plaintiff on December 24 moved to expunge the defendant's further answer to interrogatory No. 5 and for further answer. On February 5, 1964, the court ordered a portion of the answer to No. 5 expunged. After October 23, 1963, both counsel were in court for argument in respect of the orders entered on November 4, 1963, and February 5, 1964. The plaintiff on May 14, 1964, filed a statement under Rule 33A as to expected recovery. This bears two endorsements, "May 14, 1964 . . . Late filing all'd," and "July 2, 1964 . . . statement sufficient; case not to be remanded." Counsel were in court or in communication with each other in respect of this statement and the two orders thereon.

*Loan Corp.* v. *Sweeney,* 309 Mass. 26, 29 (duty to give notice under Rule 74 is duty of a public officer; "[s]o far as concerns the rights of the parties the rule is directory"). See *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 500–501. Thus even if the record showing that notice was sent could be disregarded (*MacEachern* v. *S. S. White Dental Mfg. Co.* 304 Mass. 419, 420), the judgment would stand. None of the interlocutory action after October 23, 1963, concerned the nonsuit. See *Cohen* v. *Industrial Bank & Trust Co.* 274 Mass. 498; *Holmes* v. *Fitchburg & Leominster St. Ry.* 347 Mass. 313, 317–318.

The *Bennett* case, however, supports the giving of relief in extraordinary circumstances to avoid "a plain miscarriage of justice." In that case both counsel had agreed that a motion to nonsuit the plaintiff might go off the list and the clerk was so informed. By error of the clerk an entry of nonsuit was nevertheless made and the case went to judgment. The court held that in the circumstances there was no obligation on either party to examine the clerk's record; there was no neglect of the plaintiff or his counsel and the plaintiff had the right to rely on the ordinary course of legal procedure tending toward a trial on the merits; the rule that the record may not be contradicted did not bar the plaintiff's proving that the record was not binding on him.

In the instant case, of course, the defendant's attorney knew when acting in October, 1963, that under the rule nonsuit would enter and the case would go to judgment in thirty days. His later action in interlocutory matters as though the case had not gone to judgment was, however, entirely consistent with his not recalling what had happened and overlooking such indications thereof as may have been in his files. It may not be inferred that he intentionally misled the attorney for the plaintiff. But his interlocutory appearances and action in respect of the case without stating to the attorney that the case was not pending undoubtedly confirmed to the plaintiff's attorney the conclusion that he drew from the absence of notice under the rule, that no application for a nonsuit had been made subsequent to Oc-

tober 18 notwithstanding the filing of the defendant's answers. It was a significant contributing cause to the loss of the opportunity to bring, within one year, a writ of review. Notwithstanding the obligation of attorneys to keep themselves informed as to the state of their cases (*Moskow* v. *Murphy,* 310 Mass. 249, 255), the demands of a busy practice are such that attorneys tend to rely upon the statutory notices and the absence of such notices. This is not without justification. In *Hendrick* v. *West Roxbury Coöp. Bank,* 325 Mass. 671, 674, we said "While it is true that ordinarily it is the duty of parties to look after their cases and to ascertain what steps are taken in their disposition (*Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43–44), statutes and rules of court sometimes, as here [notice of default], mitigate the rigors of that principle. See *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 500–501."

The only party other than the plaintiff substantively concerned with maintaining the judgment is the defendant. We think that in the circumstances it would be a miscarriage of justice to give the defendant the benefit of the nonsuit judgment. In view of the interlocutory proceedings in which the defendant's attorney participated the plaintiff's attorney had an excuse for not examining the docket to ascertain whether because of action of which he had no notice in fact the plaintiff was out of court.

The defendant relies on cases requiring a showing of a meritorious case for the vacating of judgments or the issuance of writs of review. This however is a proceeding on writ of error.

The writ may not stay or supersede the execution unless the petitioner gives a bond under G. L. c. 250, § 6. Subject to meeting this requirement, judgment is to enter setting aside the judgment of November 25, 1963.

*So ordered.*