RAYMOND A. SULLIVAN *vs.* COMMONWEALTH.

Suffolk.    April 3, 1974. — May 15, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Eminent Domain,* Damages.   *Practice, Civil,* Entry of judgment. *Error,. Writ of.  Judgment.   Constitutional Law,* Legislation favoring individual.

G. L. c. 250, § 5, barred a writ of error to reverse a judgment entered in a civil action more than six years before the writ was sued out, and required affirmance of the judgment. [318-319]

Where it appeared upon a petition for a writ of error that the Commonwealth had taken land of the petitioner by eminent domain but had not paid him any compensation therefor, that the docket of proceedings for the assessment of damages brought by him did not show that certain required notices of adverse action therein were

given to him or his attorney, that they did not receive such notices, and that attack on the judgment for the Commonwealth in the proceeding for damages, or the bringing of other court proceedings for relief, was foreclosed by the passage of time, this court stated that in the circumstances it was open to the Legislature to determine that just compensation should be paid. [319]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on November 28, 1972.

The case was reserved and reported by *Hennessey*, J.

*Joseph F. Hoddap* for the defendant.

*Kevin P. Curry*, Assistant Attorney General, for the Commonwealth.

BRAUCHER, J.   The petitioner's land was taken by the Commonwealth by eminent domain, and he filed a petition for the assessment of damages. Without his knowledge, judgment was entered for the Commonwealth because he had failed to answer interrogatories. He first learned of the judgment more than five years and eight months after it was entered and filed this petition for a writ of error more than six years after it was entered. We hold that the petition for a writ of error is barred by the six-year statute of limitations. G. L. c. 250, § 5.[1] In our opinion the matter is appropriate for legislative consideration.

We summarize the statement of agreed facts. The Department of Public Works made four separate takings of the petitioner's land. The first taking, dated January 14, 1964, and involving some twenty-five acres of land and buildings, is the subject of this action. After the petitioner filed his land damage action, the Commonwealth filed an answer and interrogatories on March 10, 1966, and sent copies to counsel for the petitioner. On June 22, 1966, the Commonwealth filed an application for nonsuit under Rule 36 of the Superior Court (1954), but the docket entries do not show notice to the petitioner or his attorney, and they did not receive notice. Judgment was entered for the Commonwealth on July 25, 1966; and again the docket does

---

[1] Repealed, effective July 1, 1974, by St. 1973, c. 1114, § 295. See Rule 60 of the Mass. R. Civ. P. *post*, 828, effective July 1, 1974.

not show notice, and neither the petitioner nor his attorney received notice.

There were various meetings between counsel for the petitioner and counsel for the Commonwealth with respect to the several takings of the petitioner's land. Counsel for the Commonwealth did not know that the case had gone to judgment and did not inform counsel for the petitioner of that fact. The latter learned of it on April 8, 1972, more than five years and eight months after the judgment was entered. The petition for a writ of error was filed November 28, 1972, more than six years after the entry, and a single justice of this court reported the case to the full court without decision.

1. General Laws c. 250, § 5, with an exception not here relevant, provides: "A judgment in a civil action shall not be reversed upon a writ of error, unless the writ is sued out within six years after the entry thereof; . . ." Under G. L. c. 250, § 22, the petitioner had no remedy by writ of review after one year had elapsed. The judgment was not "rendered in the absence of the petitioner" so as to permit a writ of review "within one year after the petitioner first had notice of the judgment." *Reubens* v. *Boston Fed. Sav. & Loan Assn.* 342 Mass. 483, 486 (1961). *Mahoney* v. *Bernstein,* 353 Mass. 649, 650 (1968). It appears that the notice provisions of Rules 21, 27, 36, and 79 of the Superior Court (1954) and of G. L. c. 231, § 58,[2] were not complied with, and we assume that the judgment was therefore vulnerable to attack by writ of error. *Bennett* v. *Powell,* 284 Mass. 246, 248-249 (1933). *Mahoney* v. *Bernstein,* 353 Mass. 649, 652-653 (1968). Compare *Hendrick* v. *West Roxbury Co-op. Bank,* 325 Mass. 671, 674 (1950) (writ of review).

A party seeking relief by writ of error under the statutory authority therefor must take the remedy with its limitations. See *Dolan* v. *Commonwealth,* 304 Mass. 325, 333 (1939). Without ambiguity the statute provides that the six-year period runs from the entry of the judgment. See

---

[2] Compare G. L. c. 231, § 64, as amended by St. 1966, c. 432, effective after the entry of judgment in this case.

*MacEachern* v. *S. S. White Dental Mfg. Co.* 304 Mass. 419, 421 (1939). Compare *Hendrickson* v. *Sears, ante*, 83, 90 (1974). There is no showing of fraudulent concealment by the Commonwealth. See G. L. c. 260, § 12; *Stetson* v. *French*, 321 Mass. 195, 198-199 (1947), and cases cited. The judgment in the land damage action must be affirmed. Compare *Higgins* v. *First Natl. Stores, Inc.* 340 Mass. 618, 621-622 (1960).

2. Counsel for the Commonwealth acknowledged in argument that the case was an appropriate one for relief but stated that the provisions of a contract with an agency of the Federal government prevented the Commonwealth from assenting to the reversal of the judgment. He also suggested that legislative relief is unlikely in view of our decision in *Paddock* v. *Brookline,* 347 Mass. 230, 240 (1964), holding unconstitutional a statute relieving a particular plaintiff from a general requirement of giving notice in an action against a town.

In view of the position in which the Commonwealth is placed by this litigation, we think it proper to express our view that this case does not fall within the principle of the *Paddock* case. In this case, unlike that one, it is conceded that the Commonwealth has taken some twenty-five acres of land by eminent domain and has paid no compensation for it. In these circumstances it would be open to the Legislature to determine that just compensation, notwithstanding a technical default, would rectify an apparent injustice, satisfy a quasi moral obligation, contribute to public confidence in government, and serve the public good. See *Opinion of the Justices,* 234 Mass. 612, 617-619 (1920); *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492, 497-499 (1937).

*Judgment affirmed.*