## ANTHONY SPINELLI *vs*. COMMONWEALTH.

Barnstable.    September 13, 1984. — November 7, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Constitutional Law,* Separation of powers.

Statute 1982, c. 251, providing that an eminent domain proceeding which had been dismissed after remaining inactive for many years was to be restored to the docket, violated art. 30 of the Massachusetts Declaration of Rights as an unlawful attempt by the Legislature to exercise a power exclusive to the judiciary. [241-243]

PETITION filed in the Superior Court on March 18, 1965.

Following enactment of St. 1982, c. 251, and allowance of the Commonwealth's motion to strike the restoration of the case to the docket, the matter was reported to the Appeals Court by *Elizabeth J. Dolan,* J. The Supreme Judicial Court granted a request for direct review.

*James H. Quirk, Jr.,* for the plaintiff.

*Elizabeth Bowen Donovan,* Assistant Attorney General, for the Commonwealth.

O'CONNOR, J. The plaintiff, Anthony Spinelli, commenced an action in the Superior Court in Barnstable County on March 18, 1965, seeking damages from the Commonwealth for a taking of the plaintiff's property under the power of eminent domain. The case remained dormant for many years. On June 2, 1970, the case was marked "Inactive" pursuant to Rule 85 of the Superior Court (1954), and on June 3, 1971, the case was dismissed and judgment was entered. In 1973, the case was restored to the active list on the plaintiff's motion, but the judgment of dismissal was never vacated. On June 5, 1975, a judge of the Superior Court, after a hearing, granted the Commonwealth's motion to rescind the order that restored the case to the active list. The plaintiff then filed a motion for a rehearing on the motion to rescind, and a motion to vacate the

judgment. Both motions were denied. The plaintiff did not appeal. There was no further activity in the case until October 7, 1982, when, pursuant to an act of the Massachusetts Legislature, St. 1982, c. 251, the clerk of courts for Barnstable County restored the case to the active list. The Commonwealth moved to strike the restoration of the case on the ground that St. 1982, c. 251, violates the Massachusetts Constitution. A judge of the Superior Court granted the Commonwealth's motion, and reported the case to the Appeals Court pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We granted the plaintiff's request for direct appellate review. We affirm the decision of the Superior Court judge rescinding the restoration of the case.

Statute 1982, c. 251, provides: "Notwithstanding any provision of law or judicial decision to the contrary, the civil case of *Anthony Spinelli vs. Commonwealth of Massachusetts,* docket number 28087 of the superior court of Barnstable county shall be restored to the status of said case as of March thirty-first, nineteen hundred and sixty-five in said court." The Commonwealth argues that the statute is contrary to the Massachusetts Constitution on two grounds. First, it argues that the statute is an attempt by the Legislature to exercise judicial powers in violation of the separation of powers doctrine of art. 30 of the Declaration of Rights. Because we agree with this argument, we do not reach the Commonwealth's second contention: that the statute is unconstitutional because it confers a special benefit upon the plaintiff that is not accorded to the general public in violation of art. 10 of the Declaration of Rights.

Article 30 of the Declaration of Rights of the Massachusetts Constitution states: "In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: The executive shall never exercise the legislative and judicial powers, or either of them: The judicial shall never exercise the legislative and executive powers, or either of them: to the end it may be a government of laws and not of men." The clear words of art. 30 prevent the Legislature from exercising judicial powers and any attempt to that end is a nullity. *Opinion of the Justices,* 234

Mass. 612, 621 (1920). "Manifestly it is the exercise of judicial power to grant a new trial or a rehearing in a cause in the courts, or to declare ineffective or to reverse, annul, change, modify or affect the judgment of a court." *Id.* See *Weingartner* v. *North Wales,* 327 Mass. 731, 737-738 (1951); *New England Trust Co.* v. *Paine,* 317 Mass. 542, 545-547 (1945); *Casieri's Case,* 286 Mass. 50 (1934).

The Legislature apparently felt that the judgment of dismissal unjustly deprived the plaintiff of his right to seek compensation for the taking of his property. To remedy that perceived injustice, it attempted to nullify the judgment by legislatively restoring the case to its status before the judgment was entered. But "[t]he judgment of a court must stand as final. It can be reversed, modified or superseded only by judicial process. It is wholly under the control of the judicial department of government. The Legislature cannot 'supersede' a judgment of a court by its direct declaration to that effect." *Opinion of the Justices, supra* at 621-622. Because the effect of St. 1982, c. 251, would be to annul the Superior Court judgment dismissing the case, the statute is an attempt by the Legislature to exercise a power that is exclusive to the judiciary, and thus the statute violates art. 30 of the Declaration of Rights.

The plaintiff relies on *Sullivan* v. *Commonwealth,* 365 Mass. 316 (1974), for the proposition that the Legislature, to prevent an injustice, may provide for a remedy in a particular case notwithstanding a judicial decision to the contrary. The *Sullivan* case, like the case at bar, involved a plaintiff who was seeking damages for a taking of property by the Commonwealth and against whom a default judgment had been entered. After concluding that the default judgment could not be vacated because of the passage of time, the court stated: "In these circumstances it would be open to the Legislature to determine that just compensation, notwithstanding a technical default, would rectify an apparent injustice, satisfy a quasi moral obligation, contribute to public confidence in government, and serve the public good." *Sullivan* v. *Commonwealth, supra* at 319. The plaintiff argues that the above-quoted language implies that a statute such as St. 1982, c. 251, is an appropriate measure under

the circumstances.[1] We do not agree that the language implies that such a statute would be constitutional. Rather, we interpret the *Sullivan* case as suggesting that the Legislature may, if it wishes, determine the amount of compensation that it believes is due this plaintiff and enact a statute authorizing payment in that amount.

The Legislature may, in some circumstances, provide a legislative remedy where the courts have determined there is no judicial remedy. It may not, however, instruct a court to provide a judicial remedy when that court has concluded that there is none, without violating art. 30 of the Declaration of Rights. Therefore, we conclude that St. 1982, c. 251, is unconstitutional, and we affirm the decision of the Superior Court judge striking the restoration of the case to the active list.

*So ordered.*

---

[1] The plaintiff notes that in response to our decision in *Sullivan* v. *Commonwealth,* the Legislature enacted a statute which purported to set aside the default judgment. St. 1976, c. 259. The Commonwealth points out, however, that the case was settled before trial and no court has ever addressed the validity of that statute.